In re Jeffery M. ROBINSON, Laura J. Robinson, Debtors.

Brent Stubbins Chapter 7 Trustee, Plaintiff(s),

v.

Chase Home Finance LLC, Jeffery Robinson and Laura Robinson, Defendant(s).

Bankruptcy No. 07–52148.
Adversary No. 07–02289.

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

March 26, 2008.

Mark Stubbins, Zanesville, OH, for Plaintiff.

Nathan L. Swehla, Cincinnati, OH, for Defendant.

Jeffery M. Robinson, pro se.

Laura J. Robinson, pro se.

## MEMORANDUM OPINION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

C. KATHRYN PRESTON, Bankruptcy Judge.

Before the Court is the Plaintiff/Trustee's ("Trustee") Motion for Summary Judgment (Doc. 24), the Brief in Opposition thereto by Defendant Chase Home Finance, LLC (Doc. 26), and the Trustee's Reply (Doc. 30) filed in the above-captioned adversary proceeding. The Court having considered the record and the arguments of the parties, makes the following findings and conclusions.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and the standing General Order of Reference entered in this District. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (K). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## I. Standard of Review for Motions for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Fed. R. Bankr.P. 7056, provides that summary judgment is appropriate "if the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial burden of "informing the ... court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the movant satisfies this burden, the nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

In the instant case, the parties agree that the material facts are not in dispute, and the only issues are those of law. In such a case, it is well settled that the court may enter summary judgment against either party, whether or not they were the moving party. *See Excel Energy, Inc. v. Cannelton Sales Co.,* 246 Fed.Appx. 953, 960 (6th Cir.2007) ("[T]he commentators generally agree that where there is no genuine issue of fact, the court may enter summary judgment for either party, whether or not such party has made a motion therefor.") (quoting *Pueblo of Santa Ana v. Mountain States Tel. & Tel. Co.* 734 F.2d 1402, 1408 (10th Cir.1984) *rev'd on other grounds,* 472 U.S. 237, 105 S.Ct. 2587, 86 L.Ed.2d 168 (1985)).

## II. Findings of Fact

The facts upon which this matter may be decided are without dispute and may be summarized as follows: Jeffery M. Robinson and Laura L. Robinson ("Debtors") filed a voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on March 27, 2007. The Trustee is the duly appointed Chapter 7 trustee of the Debt-

ors' bankruptcy estate. The Debtors own certain real property located at 222 Logan St., Crooksville, Ohio 43731 (the "Property"), which constitutes property of their bankruptcy estate pursuant to 11 U.S.C. § 541. On or about January 10, 2003, the Debtors both executed an open-end mortgage ("Mortgage") granting to Yerke Mortgage Company a lien on the Property. The Mortgage was recorded in the Perry County, Ohio Recorder's Office on January 31, 2003 in Official Records Volume 290, Page 2472. Trustee and Defendant agree that a true and accurate copy of the Mortgage is attached to the Trustee's Complaint as an exhibit. Defendant is the current holder of the Mortgage.

The Debtors initialed each page and signed the Mortgage, and it appears that they acknowledged the signing of the Mortgage before a notary public. The original document contains a proper certificate of acknowledgment, the signature of the notary public, and a raised notary seal stating the words "notarial seal" and "State of Ohio." However, it does not contain a printed, typewritten or stamped name of the notary who signed the Mortgage, nor does it contain the expiration date of the notary's appointment. Additionally, the notary's seal is not visible on the image of the Mortgage recorded in the public records.

The Trustee asserts that the certificate of acknowledgment is defective in that it fails to provide the name of the notary public in other than signature form and fails to state the expiration date of the notary's appointment. He further asserts that the Mortgage is fatally defective because the raised seal is not visible on the image of the Mortgage available in the public records, and the seal does not include the name of the notary as required by the Ohio Revised Code. Therefore, he argues, as a hypothetical bona fide pur-

chaser under 11 U.S.C. § 544, the execution and perfection of the mortgage is invalid against the Trustee and he is entitled to avoid the Mortgage. Conversely, Defendant asserts that the Mortgage is valid under Ohio law despite the shortcomings of the certificate of acknowledgment and the public records.

### III. Conclusions of Law

■ Pursuant to the Bankruptcy Code, "[t]he Trustee shall have, as of commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor ... that is voidable by a bona fide purchaser of real property ... from the debtor...." 11 U.S.C. § 544(a)(3). Courts have uniformly interpreted § 544 to allow the Trustee to "enjoy[ ] the status of a hypothetical bona fide purchaser, without regard to any actual knowledge of the Trustee." *First Southern Bank v. Stanphill (In re Stanphill)*, 312 B.R. 691, 694 (Bankr.N.D.Ala.2004) (citations omitted).

■ The Ohio Revised Code provides, in pertinent part as follows:

(A) A deed, mortgage, land contract ... or lease of any interest in real property ... shall be signed by the grantor, mortgagor, vendor or lessor.... The signing shall be acknowledged by the grantor, mortgagor, vendor, or lessor, ... before a judge or clerk of a court of record in this state, or a county auditor, county engineer, notary public, or mayor, who shall certify the acknowledgement and subscribe the official's name to the certificate of the acknowledgement.

Ohio Rev.Code § 5301.01(A). "The acknowledgment before a notary public, or any other public official mentioned in [O.]R.C. 5301.01, includes the *formal execution* of the certificate by the officer taking the acknowledgment." *Mid–American*

*Nat'l Bank & Trust Co. v. Gymnastics Int'l, Inc.,* 6 Ohio App.3d 11, 12, 451 N.E.2d 1243 (Ohio Ct.App.1982).

■ The execution of a mortgage must comply with these statutorily required formalities to be considered valid. *See Simon v. Chase Manhattan Bank (In re Zaptocky),* 250 F.3d 1020, 1024 (6th Cir.2001). Under Ohio law, a mortgage that is improperly executed is not entitled to be recorded. *Porter Drywall Co., Inc. v. Haven, Inc. (In re Haven, Inc.),* 326 B.R. 901, 2005 WL 927666, at *4 (6th Cir. BAP 2005); *see also* Ohio Rev.Code § 5301.25(A). If an invalid mortgage is recorded, the mortgage is treated as though it had not been recorded. *Mortgage Elec. Registration Systems v. Odita,* 159 Ohio App.3d 1, 5, 822 N.E.2d 821 (Ohio Ct.App.2004). As a result, a bona fide purchaser, even one who has knowledge of the existence of the prior mortgage, can avoid it. *See* Ohio Rev.Code § 5301.25; *see also Simon v. Chase Manhattan Bank (In re Zaptocky),* 250 F.3d 1020, 1024 (6th Cir.2001). Notwithstanding, if the execution of a mortgage "substantially complies" with the statutory requisites of Ohio Rev. Code § 5301.01(A), the mortgage may still be considered valid. *See Menninger v. First Franklin Fin. Corp. (In re Fryman),* 314 B.R. 137, 138 (Bankr.S.D.Ohio 2004).

The Ohio Revised Code requires the following in connection with acknowledgments:

The person taking an acknowledgment shall certify that:

(A) The person acknowledging appeared before him and acknowledged he executed the instrument;

(B) The person acknowledging was known to the person taking the acknowledgment, or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument.

Ohio Rev.Code § 147.53.

In connection with the notary public and discharge of his or her duties, the Ohio Revised Code states, in pertinent part, as follows:

Before entering upon the discharge of his duties, a notary public shall provide himself with a seal of a notary public. The seal shall consist of the coat of arms of the state within a circle one inch in diameter and shall be surrounded by the words "notary public," "notarial seal," or words to that effect, the name of the notary public and the words "State of Ohio.".... The name of the notary public may, instead of appearing on the seal, be printed, typewritten, or stamped in legible, printed letters near his signature on each document signed by him.

Ohio Rev.Code § 147.04. The statute further allows that the seal "may be of either a type that will stamp ink onto a document or one that will emboss it." *Id.*

A. *The Mortgage is not defective due to lack of the name of the notary public on the notary's seal as required by the Ohio Revised Code, or the failure to provide the name of the notary public in other than signature form in the certificate of acknowledgment.*

■ The Trustee first takes issue with the Mortgage because the notary's name is not inscribed on her seal and the notary failed to print, type or stamp her name near her signature on the certificate of acknowledgment. Clearly, under the applicable statute, Ohio Rev.Code § 147.04, the acknowledgment or the notary's execution of same is not defective for failure of the seal to include the name of the notary. Ohio Rev.Code § 147.04 states unequivocally that the name of the

notary public may be inserted on the document instead of inscribed on the seal. The question then becomes, what is the effect of failure to add the notary's name in a form other than his or her signature.

Although there appear to be no cases directly on point, the Ohio Supreme Court has given guidance on such a question. In *Fund Commissioners of Muskingum County v. Glass*, 17 Ohio 542 (1848), the Court addressed the question of the validity of a mortgage-deed lacking the notary public's seal. Interpreting the applicable state statute in effect at the time, the Court observed that,

> The [statute], after specifying the manner in which a deed shall be executed, by signing, sealing, etc., provides that "such signing and sealing shall be acknowledged by such grantor or grantors, maker or makers, before a judge of the supreme court, or of the court of common pleas, a justice of the peace, notary public, mayor, or other presiding officer of an incorporated town or city; who shall certify such acknowledgment on the same sheet on which such deed, mortgage, or other instrument of writing may be printed or written, and shall subscribe his name to said certificate."  . . . . This was all which the law under which he was acting required him to do. I cannot see why we should add anything to this requisition.

*Glass*, 17 Ohio at 544–45 (quoting Swan's Stat. 265 (1831) (current version at Ohio Rev.Code § 5301.01)).

The current version of that statute, Ohio Rev.Code § 5301.01(A), is not greatly changed from the version on which the Ohio Supreme Court relied. It similarly states that a mortgage shall be signed by the mortgagor, which signing "shall be acknowledged by the . . . mortgagor . . . before a judge or clerk of a court of record of this state, or a county auditor, county engineer, notary public or mayor, who shall certify the acknowledgement and subscribe the official's name to the certificate of the acknowledgement." Ohio Rev.Code § 5301.01(A). The statute does not require that the official print, type or stamp the official's name on the document. Just as in *Glass*, the notary in the instant case has done all that she is required to do in connection with the acknowledgment.

■■■ Moreover, Ohio courts favor upholding the validity of a mortgage if the execution of a mortgage "substantially complies" with the statutory requisites of Ohio Revised Code § 5301.01(A). *See Menninger v. First Franklin Fin. Corp. (In re Fryman)*, 314 B.R. 137, 138 (Bankr. S.D.Ohio 2004). When the validity of a mortgage is challenged for failure to comply with the statutory mandates of Ohio Revised Code § 5301.01, a court can "review the nature of the error and the balance of the document to determine whether or not the 'instrument supplies within itself the means of making the correction.'" *Fryman*, 314 B.R. at 138 (quoting *Dodd v. Bartholomew*, 44 Ohio St. 171, 5 N.E. 866, 867 (1886)). This principle enunciated by the *Dodd* court essentially allows a court to determine whether the execution of a mortgage is in "substantial compliance" with § 5301.01. *See Fryman*, 314 B.R. at 138. Under Ohio law, a mortgage that substantially complies with § 5301.01 will be considered valid. *See Mid–American Nat'l Bank & Trust*, 451 N.E.2d at 1245–46; *In re Wheeler*, 2006 WL 1645214, at *2–3, 2006 U.S. Dist. LEXIS 38733, at *6 (S.D.Ohio June 12, 2006). In the instant case, the notary's signature is perfectly legible. Therefore, even if Ohio law requires the notary's name to be placed in the certificate of acknowledgment in other than signature form, this Court finds there to be substantial compliance since the notary's signature is clear.

Admittedly, it could be problematic if the notary's signature is illegible and the notary fails to print his name on the acknowledgment. In such a case, it becomes difficult for the Trustee or any other party in interest to verify the proper execution of a mortgage and acknowledgment. It may be, in such an instance, that the burden of proof of validity of the mortgage and acknowledgment would fall on the mortgagee,[1] but such is not the question before this Court today.

### B. The Mortgage is not defective for failure of the certificate of acknowledgment to state the expiration date of the notary public's appointment.

The Trustee next posits that the Mortgage is fatally defective because the date of expiry of the notary's appointment is not noted in the acknowledgment. The same discussion above applies to this theory. The operative statute, Ohio Rev.Code § 5301.01, does not require the notary to add to the acknowledgment any information pertaining to the notary's appointment, and it does not appear that the courts of Ohio would require otherwise. In fact, this Court found no statutory requirement anywhere that directs the notary to add the date to documents verified or certified by a notary in his official capacity. Lack of the expiration date of the notary's

commission places little burden on interested parties, inasmuch as anyone can contact the Secretary of State to determine if the notary's commission was in effect on the date of the acknowledgment.

### C. The Mortgage is not defective due to inability to detect the notary public's raised seal on the image of the Mortgage available in the public records.

Finally, the Trustee is concerned that the notary public's seal does not appear on the image of the document maintained in the public records of Perry County, Ohio, although he admits that the notary public's seal is embossed on the original Mortgage document. There are some faint markings on the image that could possibly be the seal, but they are far from identifiable.

The criteria for validity of a mortgage are set forth in Chapter 5301 of the Ohio Revised Code. Ohio Rev.Code § 5301.01, et seq. The criteria do not include any requirement pertaining to the quality of the image maintained by the county recorder. Ohio Rev.Code § 317.13(A) directs the county recorder to record all documents that are required or authorized to be recorded and that are presented to the recorder for that purpose.[2] However, that

---

1. See Ashley v. Wright, 19 Ohio St. 291, 295 (1869).

2. Ohio Rev.Code § 317.13 provides in pertinent part:
   (A) Except as otherwise provided in division (B) of this section, the county recorder shall record in the proper record, in legible handwriting, typewriting, or printing, or by any authorized photographic or electronic process, all deeds, mortgages, plats, or other instruments of writing that are required or authorized by the Revised Code to be recorded and that are presented to the recorder for that purpose. The recorder shall record the instruments in regular succes-

sion, according to the priority of presentation, and shall enter the file number at the beginning of the record. On the record of each instrument, the recorder shall record the date and precise time the instrument was presented for record. All records made, prior to July 28, 1949, by means authorized by this section or by section 9.01 of the Revised Code shall be deemed properly made.
The county recorder may refuse to record an instrument of writing presented to the recorder for recording if the instrument is not required or authorized by the Revised Code to be recorded or the recorder has

statute likewise does not invalidate any mortgage by virtue of the quality of any image maintained by the county recorder. The court is unaware of and the Trustee has not pointed to any other statutory requirement that the seal or any other matter contained recorded document be visible in the image maintained in the public records.

It is worthy of note that the Ohio Revised Code allows use of an embossed seal. Ohio Rev.Code § 147.14. Embossing frequently does not appear on photocopies or facsimile copies of the embossed document. If this was troubling to the Ohio legislature, they have had multiple opportunities to remedy the perceived problem by amendment to any applicable statute. They have not deemed it necessary to do so.

Interestingly, in 1959, the Ohio legislature decided that a notary's seal is a dispensable element of notary's discharge of his or her duties, enacting a provision addressing the validity of certain documents in the absence of a notary's seal:

> No instrument conveying real estate, or any interest therein, and of record in the office of the county recorder of the county within this state in which such real estate is situated shall be deemed defective nor shall the validity of such conveyance be affected because:
>
> . . .
>
> (B) The officer taking the acknowledgment of such instrument having an official seal did not affix such seal to the certificate of acknowledgment.

Ohio Rev.Code § 5301.071.

This followed the long-standing position espoused by the Ohio courts that the omis-sion of the notary's seal does not compromise the validity of a document otherwise properly acknowledged and notarized. *See Fund Comm'rs of Muskingum County v. Glass,* 17 Ohio 542 (1848) (holding that omission of the notary's seal does not compromise the validity of a mortgage-deed); *Ashley v. Wright,* 19 Ohio St. 291, 296 (1869) (holding that a chattel mortgage was not defective for lack of the notary's seal, because the applicable statute demanded only verification before an officer authorized to administer oaths and contained no provision requiring certification or authentication of such verification); *Stern v. Bd. of Elections of Cuyahoga County,* 14 Ohio St.2d 175, 237 N.E.2d 313 (1968) (" '[T]he ... statutory requirement that the notary shall provide himself with a seal does not make it a condition of the validity of his authentication of an affidavit that he use it.' ") (citation omitted).

Since the Ohio legislature has decided that lack of a seal does not invalidate a document conveying an interest in real estate, such a document is entitled to be recorded in the public records. *See* Ohio Rev.Code § 5301.23. A properly recorded document provides the requisite constructive notice to the world of the existence of an interest in the property and is not voidable by the Trustee pursuant to § 544 of the Bankruptcy Code. If a mortgage missing a notary's seal is valid and can be recorded, providing constructive notice of its existence, it logically follows that the Mortgage under consideration cannot be fatally defective for lack of visibility of the notary's seal on the image in the public records.[3]

---

reasonable cause to believe the instrument is materially false or fraudulent.

**3.** Trustee's reliance on *Limor v. Fleet Mortgage Group (In re Marsh),* 12 S.W.3d 449 (Tenn.2000), is misplaced. In *Limor,* the Ten-nessee Supreme Court held that because the deed at issue contained no official seal, it was invalid under Tennessee law. This is simply not the law in Ohio, and this Court is bound by Ohio law on this point.

## IV. Conclusion

For the foregoing reasons, the Court finds that the Mortgage is not fatally defective for lack of the notary's name in printed, typed or stamped form, or for lack of the expiration date of the notary's commission, or for failure of the public records to depict the notary's seal. Accordingly, the Court hereby DENIES the Plaintiff's Motion for Summary Judgment. However, the Court finds that there are no genuine issues of material fact and that the Defendant, Chase Home Finance, LLC is entitled to judgment as a matter of law, and therefore, GRANTS summary judgment in favor of the Defendant.

A separate final judgment will be entered in accordance with the foregoing.

**IT IS SO ORDERED.**