In re Joyce G. **SUNNAFRANK**, Debtor.

**Brent Stubbins, Trustee, Plaintiff,**

v.

**BAC Home Loans Servicing,
LP, Defendant(s).**

**Bankruptcy No. 09–62556.
Adversary No. 10–2332.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Sept. 23, 2011.

---

Mark Stubbins, Zanesville, OH, for Plaintiff.

Amelia A. Bower, Columbus, OH, Phyllis A. Ulrich, Cleveland, OH, for Defendants.

## MEMORANDUM OPINION AND OR-DER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

C. KATHRYN PRESTON, Bankruptcy Judge.

This cause came on for consideration of Trustee's Motion for Summary Judgment (the "Motion") (Doc. 19), filed by Brent Stubbins (the "Trustee" or "Plaintiff"), the Response (Doc. 20) filed by BAC Home Loans Servicing, LP ("BAC"), and Trustee's Reply (Doc. 21) filed in the above captioned adversary proceeding. The Court having considered the record and the arguments of the parties makes the following findings and conclusions.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the General Order of Reference entered in this District. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), and (K). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

This adversary proceeding stems from the Chapter 7 bankruptcy case of Joyce G. Sunnafrank (the "Debtor"). Trustee's complaint seeks a determination of the extent, validity, or priority of a mortgage (the "Mortgage") held by BAC on Debtor's real property located at 60341 Christian Hill, Cambridge, Ohio 43725 (the "Property") and to determine, avoid, or recover preferences. Trustee asserts that Debtor's interest in the Property is not encumbered by the Mortgage and the Mortgage can be avoided because: (1) the notary public failed to apply his notary seal to the document; (2) the notary public's name was not printed, typewritten, or stamped in legible, printed letters near his signature on the certificate of acknowledgment; and (3) the certificate of acknowledgment did not contain the date of expiration of the notary public's term. As a result, Trustee argues that by using his strongarm powers under § 544 of the Code, he can avoid the Mortgage held by BAC because Trustee does not have constructive notice of it, due to the aforementioned defects in the certificate of acknowledgment. Finally, Trustee seeks to recoup the payments Debtor made to BAC on or within 90 days before the date Debtor filed her bankruptcy pursuant to 547(b) of the Code.[1]

Conversely, BAC argues that a notary public's seal and the expiration date of the notary's commission are not required and the absence of the seal and the date do not render the Mortgage defective. Furthermore, BAC asserts that a notary public's signature on the certificate of acknowledgment does not have to be legible under Ohio law. Thus, according to BAC, Trustee has constrictive notice of the Mortgage because the certificate of acknowledgment is not defective under Ohio law, and BAC still holds a valid lien on the Property.

For the reason stated below, the Court concludes that Trustee's Motion should be denied.

---

1. Given the Court's decision herein, the Court need not address the preferential transfer issue at this time.

## I. Applicable Law

### A. Standard of Review for Motions for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).[2] The party seeking summary judgment bears the initial burden of "informing the ... court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

If the movant satisfies this burden, the nonmoving party must then assert that a fact is genuinely disputed and must support the assertion by citing to particular parts of the record. Fed.R.Civ.P. 56(c)(1). The mere allegation of a factual dispute is not sufficient to defeat a motion for summary judgment; to prevail, the non-moving party must show that there exists some genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When deciding a motion for summary judgment, all justifiable inferences must be viewed in a light most favorable to the non-moving party. *Matsushita Elec Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

The Sixth Circuit Court of Appeals has articulated the following standard to apply when evaluating a motion for summary judgment:

> [T]he moving [party] may discharge its burden by "pointing out to the ... court ... that there is an absence of evidence to support the nonmoving party's case." The nonmoving party cannot rest on its pleadings, but must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial. Although we must draw all inferences in favor of the nonmoving party, it must present significant and probative evidence in support of its complaint. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]."

*Hall v. Tollett,* 128 F.3d 418, 422 (6th Cir.1997) (internal citations omitted). A material fact is one whose resolution will affect the determination of the underlying

---

**2.** Rule 56, in its current form, became effective on December 1, 2010, after this adversary proceeding was commenced. "Amendments to the Federal Rules of Civil Procedure govern proceedings after the date they are effective in an action then pending unless the Supreme Court specifies otherwise or the court determines that applying them in a particular action would be infeasible or work an injustice." *Martinez v. Hutton (In re Harwell),* 628 F.3d 1312, 1317 n. 4 (11th Cir.2010). The summary judgment standard now appears in Civil Rule 56(a) rather than, as it formerly did, Civil Rule 56(c); however, the standard did not materially change. *See* Fed. R.Civ.P. 56(a) advisory committee's note (2010 Amendments) ("Subdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c)...."). Inasmuch as the amended rule does not change the standard for entry of summary judgment, application of "the amended version of [Civil] Rule 56 in this case is just and practicable and would not work a manifest injustice ..." *Farmers Ins. Exch. v. RNK, Inc.,* 632 F.3d 777, 782, 2011 WL 183969 at *9 n. 4 (1st Cir. Jan. 21, 2011).

action. *Tenn. Dep't of Mental Health & Mental Retardation v. Paul B.,* 88 F.3d 1466, 1472 (6th Cir.1996). An issue is genuine if a rational trier of fact could find in favor of either party on the issue. *Schaffer v. A.O. Smith Harvestore Prods., Inc.,* 74 F.3d 722, 727 (6th Cir.1996) (citation omitted). "The substantive law determines which facts are 'material' for summary judgment purposes." *Hanover Ins. Co. v. American Eng'g Co.,* 33 F.3d 727, 730 (6th Cir.1994) (citations omitted). However, determinations of credibility, weight to be given the evidence, and inferences to be drawn from the facts remain the province of the jury. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

In determining whether each party has met its burden, the court must keep in mind that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex,* 477 U.S. at 323–24, 106 S.Ct. 2548. If otherwise appropriate, summary judgment may also be entered for a nonmoving party. Fed. R.Civ.P. 56(f); *K.E. Resources, Ltd. v. BMO Fin. Inc. (In re Century Offshore Mgmt. Corp.),* 119 F.3d 409, 412 (6th Cir. 1997); *see also Celotex,* 477 U.S. at 326, 106 S.Ct. 2548 ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence.").

## II. Factual Background

The facts pertinent to the resolution of this matter are without dispute and can be summarized as follows: Debtor filed a voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on October 28, 2009. The Trustee is the duly appointed Chapter 7 trustee of Debtor's bankruptcy estate. Debtor has a fee simple interest in the Property. On or about July 15, 2004,

Debtor, along with Michael Sunnafrank, executed and delivered to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for APS Financial, Inc. ("APS"), the Mortgage granting a lien on the Property. The Mortgage was recorded in the Guernsey County, Ohio Recorder's Office on July 21, 2004 in Official Records Volume 404, Page 485. MERS, as nominee for APS, subsequently assigned all of its rights, title, and interest in the Mortgage to BAC. BAC is the current holder of the Mortgage. Trustee and BAC agree that a true and accurate copy of the Mortgage is attached to the Trustee's Complaint as an exhibit.

Debtor initialed each page and signed the Mortgage, and she acknowledged the signing of the Mortgage before a notary public. The Mortgage contains a certificate of acknowledgment and the signature of the notary public acknowledging execution by Debtor. However, the notary did not impress his seal on the Mortgage, nor did he print, typewrite, or stamp his name near his signature on the certificate of acknowledgment, or insert the expiration date of the his appointment.

## III. Analysis

Pursuant to the Bankruptcy Code, "[t]he Trustee shall have, as of commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor ... that is voidable by a bona fide purchaser of real property ... from the debtor...." 11 U.S.C. § 544(a)(3). Courts have uniformly interpreted § 544 to allow the Trustee to "enjoy[ ] the status of a hypothetical bona fide purchaser, without regard to any actual knowledge of the Trustee." *First Southern Bank v. Stanphill (In re Stanp-*

*hill)*, 312 B.R. 691, 694 (Bankr.N.D.Ala. 2004) (citations omitted).

The Ohio Revised Code provides, in pertinent part as follows:

> (A) A deed, mortgage, land contract ... or lease of any interest in real property ... shall be signed by the grantor, mortgagor, vendor or lessor.... The signing shall be acknowledged by the grantor, mortgagor, vendor, or lessor, ... before a judge or clerk of a court of record in this state, or a county auditor, county engineer, notary public, or mayor, who shall certify the acknowledgement and subscribe the official's name to the certificate of the acknowledgement.

Ohio Rev.Code § 5301.01(A). "The acknowledgment before a notary public, or any other public official mentioned in [O.]R.C. 5301.01, includes the *formal execution* of the certificate by the officer taking the acknowledgment." *Mid–American Nat'l Bank & Trust Co. v. Gymnastics Internat'l, Inc.*, 6 Ohio App.3d 11, 12, 451 N.E.2d 1243 (Ohio Ct.App.1982).

██ The execution of a mortgage must comply with these statutorily required formalities to be considered valid. *See Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020, 1024 (6th Cir.2001). Under Ohio law, a mortgage that is improperly executed is not entitled to be recorded. *Porter Drywall Co., Inc. v. Haven, Inc. (In re Haven, Inc.)*, 2005 Bankr.LEXIS 541, at *11 (6th Cir.B.A.P. 2005); *see also* Ohio Rev.Code § 5301.25(A). If an invalid mortgage is recorded, the mortgage is treated as though it had not been recorded. *Mortgage Elec. Registration Sys. v. Odita*, 159 Ohio App.3d 1, 5, 822 N.E.2d 821 (Ohio Ct.App.2004). As a result, a bona fide purchaser, even one who has knowledge of the existence of the prior mortgage, can avoid it. *See* Ohio Rev.Code § 5301.25; *see also Simon v. Chase Manhattan Bank*

*(In re Zaptocky)*, 250 F.3d 1020, 1024 (6th Cir.2001).

The Ohio Revised Code requires the following in connection with acknowledgments:

> The person taking an acknowledgment shall certify that:
>
> (A) The person acknowledging appeared before him and acknowledged he executed the instrument;
>
> (B) The person acknowledging was known to the person taking the acknowledgment, or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument.

Ohio Rev.Code § 147.53.

In connection with discharge of his or her duties by a notary public, the Ohio Revised Code states, in pertinent part, as follows:

> Before entering upon the discharge of his duties, a notary public shall provide himself with a seal of a notary public. The seal shall consist of the coat of arms of the state within a circle one inch in diameter and shall be surrounded by the words "notary public," "notarial seal," or words to that effect, the name of the notary public and the words "State of Ohio." .... The name of the notary public may, instead of appearing on the seal, be printed, typewritten, or stamped in legible, printed letters near his signature on each document signed by him.

Ohio Rev.Code § 147.04.

### A. The Mortgage is Not Defective Because a Notary Stamp or Seal is not Present on the Certificate of Acknowledgment.

██ Trustee's first concern is that the notary public's seal does not appear on the Mortgage. This Court dealt with the

same question of whether the omission of the notary public's seal renders a mortgage defective in *Stubbins v. Chase Home Fin. LLC (In re Robinson)*, 403 B.R. 497 (Bankr.S.D.Ohio 2008). In *Robinson*, the Court observed that the criteria for validity of a mortgage are set forth in Chapter 5301 of the Ohio Revised Code. *Robinson*, 403 B.R. at 503 (citing Ohio Rev.Code § 5301.01). The Court determined in *Robinson* that "the Ohio legislature decided that a notary's seal is a dispensable element of notary's discharge of his or her duties, enacting a provision addressing the validity of certain documents in the absence of a notary's seal." *Id.* at 504.

■ Ohio Rev.Code § 5301.071 provides in pertinent part:

No instrument conveying real estate, or any interest therein, and of record in the office of the county recorder of the county within this state in which such real estate is situated shall be deemed defective nor shall the validity of such conveyance be affected because:

...

(B) The officer taking the acknowledgment of such instrument having an official seal did not affix such seal to the certificate of acknowledgment.

Ohio Rev.Code § 5301.071. This statute follows the long-standing position espoused by the Ohio courts that the omission of the notary's seal does not compromise the validity of a document otherwise properly acknowledged and notarized. *See Fund Comm'rs of Muskingum County v. Glass*, 17 Ohio 542 (1848) (holding that omission of the notary's seal does not compromise the validity of a mortgage-deed); *Ashley v. Wright*, 19 Ohio St. 291, 296 (1869) (holding that a chattel mortgage was not defective for lack of the notary's seal, because

the applicable statute demanded only verification before an officer authorized to administer oaths and contained no provision requiring certification or authentication of such verification); *Stern v. Bd. of Elections of Cuyahoga County, Ohio*, 14 Ohio St.2d 175, 237 N.E.2d 313 (1968) (" '[T]he ... statutory requirement that the notary shall provide himself with a seal does not make it a condition of the validity of his authentication of an affidavit that he use it.' ") (citation omitted). Where a state's highest court has decided a question of law, we are bound by that decision unless the Court is persuaded the high court would overrule it if confronted with facts similar to those in the instant case. *See Bernhardt v. Polygraphic Co. of Am.*, 350 U.S. 198, 205, 76 S.Ct. 273, 100 L.Ed. 199 (1956). Trustee has made no argument that the Ohio Supreme Court would hold differently today than it did in the cited cases. Therefore, this Court is bound by the Supreme Court's previous decisions.

Just as this Court noted in *Robinson*, since the Ohio legislature has not enacted legislation that invalidates a document conveying an interest in real estate which lacks a notary's seal, such a document is entitled to be recorded in the public records. *See* Ohio Rev.Code § 5301.23. A properly recorded document provides the requisite constructive notice to the world of the existence of an interest in the property and is not voidable by the Trustee pursuant to § 544 of the Bankruptcy Code. In *Robinson*, this Court opined that "[i]f a mortgage missing a notary's seal is valid and can be recorded, providing constructive notice of its existence, it logically follows that the mortgage under consideration cannot be fatally defective for lack of visibility of the notary's seal on the image in the public records." [3] *Robinson*, 403

---

**3.** The Court finds, as it did in *Robinson*, that Trustee's reliance on *Limor v. Fleet Mortgage*

*Group (In re Marsh)*, 12 S.W.3d 449 (Tenn. 2000), is misplaced. In *Limor*, the Tennessee

B.R. at 504. Thus, the Court finds that the Mortgage is not defective because the notary seal was not placed on the certificate of acknowledgment.[4]

## B. The Mortgage is Not Defective due to the Failure to Provide the Name of the Notary Public in Other Than Signature Form in the Certificate of Acknowledgment or Because the Signature is Illegible.

■ Next, Trustee asserts that the Mortgage is defective because the notary public failed to print, type, or stamp his name near his signature on the certificate of acknowledgment. Ohio Rev.Code § 147.04 states unequivocally that the name of the notary public "may" (not "shall") be inserted on the document instead of inscribed on the seal. Ohio Rev. Code § 147.04. The question then becomes, what is the effect of failure to add the notary's name in a form other than his or her signature.

Although there appear to be no cases directly on point, the Ohio Supreme Court has given guidance on such a question in *Fund Commissioners*. In that case, the Court addressed the question of the validity of a mortgage-deed lacking the notary public's seal. Interpreting the applicable state statute in effect at the time, the Court observed that,

> The [statute], after specifying the manner in which a deed shall be executed, by signing, sealing, etc., provides that "such signing and sealing shall be acknowledged by such grantor or grantors, maker or makers, before a judge of

the supreme court, or of the court of common pleas, a justice of the peace, notary public, mayor, or other presiding officer of an incorporated town or city; who shall certify such acknowledgment on the same sheet on which such deed, mortgage, or other instrument of writing may be printed or written, and shall subscribe his name to said certificate.".... This was all which the law under which he was acting required him to do. I cannot see why we should add anything to this requisition.

*Fund Comm'rs*, 17 Ohio at 544–45 (quoting Swan's Stat. 265 (1831) (current version at Ohio Rev.Code § 5301.01)).

The current version of that statute, Ohio Rev.Code § 5301.01(A), is not greatly changed from the version on which the Ohio Supreme Court relied. It similarly states that a mortgage shall be signed by the mortgagor, which signing "shall be acknowledged by the ... mortgagor ... before a judge or clerk of a court of record of this state, or a county auditor, county engineer, notary public, or mayor, who shall certify the acknowledgement and subscribe the official's name to the certificate of the acknowledgement." Ohio Rev.Code § 5301.01(A). Ohio Rev.Code § 147.04 pertains to the notary public and the discharge of his or her duties. Ohio Rev. Code § 5301.01(A) does not require that the official print, type, or stamp the official's name on the document. Nor does § 147.04 require more of the notary public: the statute says simply that "[t]he name of the notary public *may* ... be printed, typewritten, or stamped in legible, printed letters near his signature...." Ohio Rev. Code § 147.04 (emphasis added). Ohio

---

Supreme Court held that because the deed at issue contained no official seal, it was invalid under Tennessee law. This is simply not the law in Ohio, and this Court is bound by Ohio law on this point.

4. In fact, the Court is quite perplexed why Trustee raises this question in light of the statute, the decisions of the Ohio Supreme Court, and the Court's prior decision in *Robinson*.

Rev.Code § 5301.01(A) requires only that the notary public subscribe his or her name to the certificate of acknowledgment. Subscribe is defined as "to write (as one's name) underneath" or "sign (one's name) to a document" or "to attest by appending one's name."[5] Webster's Third New International Dictionary 2278 (2002). The Court finds that the notary has properly subscribed his name to the certificate of acknowledgment because he signed the acknowledgment. Therefore, the notary did not need to print, type, or stamp his name on the certificate of acknowledgment for the Mortgage to be valid under Ohio law.

■ However, the issue surrounding the legibility of the notary's signature must still be resolved. Admittedly, in *Robinson*, this Court stated in *dicta* that "it could be problematic if the notary's signature is illegible and the notary fails to print his name on the acknowledgment." *Robinson*, 403 B.R. at 503. This Court went on to say that "[i]n such a case [where a notary's signature is illegible], it becomes difficult for the Trustee or any other party in interest to verify the proper execution of a mortgage and acknowledgment." *Id.* The Court noted that "[i]t may be, in such an instance, that the burden of proof of validity of the mortgage and acknowledgment would fall on the mortgagee ..." *Id.* (citing *Ashley v. Wright*, 19 Ohio St. at 295).

In the instant case, BAC seeks to prove the validity of the Mortgage and certificate of acknowledgment through the affidavit testimony of Robert Natal ("Natal"), the individual whose signature is allegedly on the certificate of acknowledgment. The Court observes that while the signature of the notary public is illegible, the affidavit testimony of Natal, taken on January 24, 2011, offers proof that he was a notary public for the state of Ohio on July 15,

2004, the date the Mortgage was executed and delivered. Furthermore, Natal's testimony further asserts that "he notarized [the Mortgage] in the presence of Debtor and Michael Sunnafrank on July 15, 2004." Natal Aff. at ¶ 3. Natal goes on to explain that he "inadvertently did not place his notary stamp and seal on the Mortgage." Natal Aff. at ¶ 4. Thus, when taken in a light most favorable to BAC, the Court finds that BAC, through the affidavit testimony of Natal, has proffered sufficient evidence to defeat summary judgment, as the affidavit tends to show that the illegible signature on the Mortgage's certificate of acknowledgment may be that of Natal, and that he was qualified to act as notary public at the time.

### C. The Mortgage is Not Defective for Failure of the Certificate of Acknowledgment to State the Expiration Date of the Notary Public's Appointment.

■ The Trustee next argues that verification that a notary certified the Mortgage is impossible because the expiration date of the notary's appointment is not noted in the certificate of acknowledgment. As this Court noted in *Robinson*, "[t]he operative statute, Ohio Rev.Code § 5301.01, does not require the notary to add to the acknowledgment any information pertaining to the notary's appointment, and it does not appear that the courts of Ohio would require otherwise." *Robinson*, 403 B.R. at 503. Furthermore, the Ohio legislature, through the enactment of Ohio Rev.Code § 147.52, has made it clear that the "signature, rank, or title and serial number, if any, of the person [authorized to perform notarial acts] are sufficient proof of the authority of a holder of that rank or title to perform the act"

---

**5.** Black's Law Dictionary does not include a definition for the term subscribe. However, Black's Law Dictionary does define subscrip- tion as "[t]he act of signing one's name on a document." *Black's Law Dictionary* 1468 (8th ed. 2004).

and "[f]urther proof of his authority is not required." Ohio Rev.Code § 147.52(A). Therefore, the notary public's signature on the certificate of acknowledgment is sufficient evidence of his authority to perform notarial acts. Thus, the Mortgage is not fatally defective due to the notary public's failure to state the expiration date of his notary commission.

## IV. Conclusion

In conclusion, the Court finds that the Mortgage is not defective for lack of the notary's name in printed, typed, or stamped form, or for lack of the expiration date of the notary's commission, or for the notary's failure to stamp or seal the acknowledgment. However, the Court finds that there is a genuine issue of material fact regarding the capacity of the person whose signature appears on the notary public's signature line on the certificate of acknowledgment.

For the foregoing reasons, Trustee's Motion for Summary Judgment is **DE-NIED.** A status conference in the adversary proceeding shall be set by separate notice.

**IT IS SO ORDERED.**