In re Charles Michael WHITE, Robin Marie White, Debtors.

Roger E. Luring, Plaintiff

v.

Midland Mortgage Company et al., Defendants.

Bankruptcy No. 11–32695.
Adversary No. 11–3312.

United States Bankruptcy Court,
S.D. Ohio,
Western Division at Dayton.

Feb. 28, 2012.

Roger E. Luring, Troy, OH, pro se.

Amelia A. Bower, Columbus, OH, for Midland Mortgage Company.

Frank S. Virzi, Piqua, OH, for the Debtors/Defendants.

**Decision Denying the Chapter 7 Trustee's Motion for Summary Judgment and Granting Midland Mortgage Company's Motion for Summary Judgment**

GUY R. HUMPHREY, Bankruptcy Judge.

**I. Introduction**

The Chapter 7 trustee seeks to avoid a mortgage encumbering property of this bankruptcy estate because of the manner

in which the acknowledgment clause was certified by the notary public. The trustee argues that the certification of the mortgagors' acknowledgment of their signatures upon the mortgage is not in substantial compliance with Ohio law because the notary's name is not typed, printed, or stamped on the acknowledgment. The only placement of the notary's name on the acknowledgment is through an illegible signature. The court finds that the notary's illegible signature on the acknowledgment is sufficient to comply with Ohio law.

## II. Procedural Background

On September 2, 2011 the Chapter 7 trustee, Roger E. Luring (the "Trustee"), filed a complaint to avoid a mortgage held by Midland Mortgage Company ("Midland") on the debtor's residence (doc. 1). The complaint seeks to avoid Midland's mortgage and recover the value of the property for the bankruptcy estate. Midland filed an answer on October 28, 2011 (doc. 14). On December 2, 2011 the Trustee moved for summary judgment against Midland (doc. 27). Midland responded and filed its own motion for summary judg-

ment (doc. 34) and the Trustee responded to that motion (doc. 35). The Trustee originally pled in his complaint that the notarial seal was omitted, but later stipulated that the acknowledgment clause in question does have a notarial seal (doc. 36).

The relevant facts are undisputed. The Debtors, Charles Michael White and Robin Marie White (the "Whites"), own real property located at 606 Second Street in Piqua, Ohio (the "Property"). Midland is the current holder of a loan obligation undertaken by the Whites. The loan is secured by an open-end mortgage the Whites granted which created a lien against the Property in favor of Midland (the "Mortgage"). The Mortgage was recorded in Volume 1283, Page 279 on April 26, 2002 in the records of Miami County, Ohio. The Mortgage was originally held by First Choice Mortgage Corporation prior to the assignment of the secured obligation to Midland. On page 7 of the Mortgage, the Whites executed the Mortgage, and the acknowledgment clause appears immediately below the Whites' signatures. The acknowledgment clause is as follows:

[Space Below This Line For Acknowledgment]

STATE OF OHIO, MIAMI                                                    County ss:

On this 22nd day of APRIL 2002 , before me, a Notary Public in and for said County and State, personally appeared
CHARLES M. WHITE AND ROBIN M. WHITE, HUSBAND AND WIFE

the individual who executed the foregoing instrument and acknowledged that he/she/they did examine and read the same and did sign the foregoing instrument, and that the same is his/her/their free act and deed.

In TESTIMONY WHEREOF, I have set my hand and official seal.

My Commission expires: 7-9-2005

Notary Public

This instrument was prepared by:
THE FIRST CHOICE MORTGAGE CORP.

OHIO - Single Family - FHA Security Instrument
Form 84138 1/98
New Fung Inc. 100-448-1998
LFI #FHA84138 2/02            Page 7 of 7

### III. Jurisdiction

This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F), (K) and (O).

### IV. Analysis

■■■ A Chapter 7 trustee may avoid certain defectively executed mortgages and recover the property or its value for the benefit of the estate's creditors using the trustee's "strong arm powers" under Bankruptcy Code § 544.[1] *See Rieser v. Fifth Third Mtge. Co. (In re Wahl)*, 407 B.R. 883, 892–94 (Bankr.S.D.Ohio 2009). A mortgage granted upon Ohio real estate may be avoided by the trustee when the mortgage is not executed in substantial compliance with Ohio law. *Noland v. Burns (In re Burns)*, 435 B.R. 503, 511–12 (Bankr.S.D.Ohio 2010) (discussion of Ohio law regarding defectively executed acknowledgment clauses and the doctrine of substantial compliance). A mortgage not executed in substantial compliance with Ohio law is not entitled to be recorded. *Id.* at 508. If such a mortgage is recorded, it is treated as though it had not been recorded. *Id.*

The motions for summary judgment require the court to determine whether the Mortgage's acknowledgment clause is in substantial compliance with the requirement that the mortgagors' acknowledgment be certified by a notary public or other proper public official. Absent a definitive ruling from the Supreme Court of Ohio on the issue raised by the parties—in this case whether the illegible signature of the notary is sufficient by itself to comply with Ohio law—this court must make the best prediction of what Ohio's highest court would do if confronted with this is-

sue. *Hazlett v. Chase Home Fin. (In re Nowak)*, 414 B.R. 269, 275–76 (Bankr. S.D.Ohio 2009).

The Trustee argues the certification was not in substantial compliance because the name of the notary was not printed on the seal or separately printed, typed, or stamped legibly upon the certification as described in Ohio Revised Code § 147.04. Even if a notary's signature was sufficient, the Trustee further asserts this particular signature is not because it appears to be illegible. Finally, the Trustee states extrinsic evidence cannot be used to prove that the signatory is a notary. Midland argues that all of the issues and arguments raised by the Trustee in this proceeding were addressed adversely to the trustee in the recently reported decision of *Stubbins v. BAC Home Loans Servicing, L.P. (In re Sunnafrank)*, 456 B.R. 885 (Bankr. S.D.Ohio 2011) (Preston, J.) and that its reasoning should be followed.

■■■ Ohio Revised Code § 5301.01(A) sets forth the requirements for the proper execution of instruments conveying interests in real estate in Ohio. It states that:

> A deed, mortgage, land contract as referred to in division (A)(2)(b) of section 317.08 of the Revised Code, or lease of any interest in real property and a memorandum of trust as described in division (A) of section 5301.255 of the Revised Code shall be signed by the grantor, mortgagor, vendor, or lessor in the case of a deed, mortgage, land contract, or lease or shall be signed by the trustee in the case of a memorandum of trust. The signing shall be acknowledged by the grantor, mortgagor, vendor, or lessor, or by the trustee, before a judge or clerk of a court of record in this state, or a county auditor, county engineer, nota-

---

1. Unless otherwise noted, all statutory references are to the Bankruptcy Code of 1978, as amended, 11 U.S.C. §§ 101–1532, cited hereinafter in this decision as "§ ___".

ry public, or mayor, who shall certify the acknowledgement and subscribe the official's name to the certificate of the acknowledgement.

As this statute makes clear, the acknowledgment clause must include an execution of the certificate by a proper officer. *Id.* at 890, *citing Mid–American Nat'l Bank & Trust Co. v. Gymnastics Int'l, Inc.,* 6 Ohio App.3d 11, 451 N.E.2d 1243, 1244 (1982). The individual authorized to certify the acknowledgment must "subscribe" his name to the certificate. *Fund Comm'rs of Muskingum County v. Glass,* 17 Ohio 542, 544–45 (1848); *Sunnafrank,* 456 B.R. at 892. Thus, the issue presented in this proceeding relating to the Mortgage is what "subscribe the official's name to the certificate" means in Ohio Revised Code § 5301.01(A).

■ The Trustee argues that "subscribe" one's name in § 5301.01(A) means to print, stamp, or type one's name on the acknowledgment. There is some support for this position. As the Trustee points out, Ohio Revised Code § 147.04, addressing a notary's seal, states that: "The name of the notary public may, instead of appearing on the seal, be printed, typewritten, or stamped in legible, printed letters near his signature on each document signed by him." Thus, the Trustee argues from this statute that the notary's name must be legibly printed, typed, or stamped on each document which a notary signs and, if not, the notary's signature is ineffective. As the court pointed out in *Sunnafrank,* "subscribe" is sometimes defined as "to write (as one's name) underneath." *Sunnafrank,* 456 B.R. at 893, *citing* Webster's Third New International Dictionary 2278 (2002). Thus, the Trustee's argument that "subscribe" in § 5301.01(A) means to print, type, or stamp the notary's name on the mortgage is credible.

Midland on the other hand, relying on *Sunnafrank,* argues that "subscribe" under § 5301.01(A) means "sign" and that the notary did sign the acknowledgment and, therefore, the acknowledgment complies with the acknowledgment certification requirements. Judge Preston in *Sunnafrank* specifically held that "subscription" is "[t]he act of signing one's name on a document." *Sunnafrank,* 456 B.R. at 893, n. 5, *citing Black's Law Dictionary* 1468 (8th ed. 2004).

The court agrees with Judge Preston that the term "subscribe" in § 5301.01(A) references the notary's affixing of his signature to the acknowledgment. Ohio Revised Code § 5301.01 does not require more than a signature of an authorized officer to certify an acknowledgment clause.

First, while "subscribe" may mean to print or type one's name underneath one's signature, it can also mean to sign one's name. *See Sunnafrank,* 456 B.R. at 893. In fact, as pointed out in *Sunnafrank,* "subscription" is defined by Black's Law Dictionary as "the act of signing one's name on a document." *Id.*

Second, a review of Ohio statutes with similar acknowledgment or certification provisions confirms that the Ohio legislature intended "subscribe" to mean to sign the notary's signature. Ohio Revised Code § 5311.05(A) concerns condominium declarations and has the closest parallel language to § 5301.01. The statute provides that the notary public or other qualified public official "shall certify the acknowledgment and subscribe the certificate of acknowledgment." The term subscribe, as used in the similar language of that statute, logically refers to a signature. *See also Nowak,* 414 B.R. at 275 (In addressing an acknowledgment clause in which the notary signed, but did not have a seal or a separate handwritten,

**150**

printed or typed name of the notary, the court stated that "[t]he trustee does not dispute that.... [the asserted notary] certified and subscribed her name to the Certificate of Acknowledgment.").

Third, the Ohio Revised Code consistently uses the word subscribe to describe an official's signing of a document in the exercise of that official's duties or acts, such as in the giving or taking of an oath, the witnessing of a will, or the certification of an acknowledgment. *See, e.g.*, Ohio Revised Code §§ 1337.12(B) (In addressing the creation of a living will: "Then, each witness shall subscribe the witness's signature after the signature of the principal."); 2133.02(B)(1) (similar); 147.03 ("Before entering upon the duties of office, a notary public shall take and subscribe an oath to be endorsed on the notary public's commission."); 5919.05 (similar oath language for commissioned officers of the National Guard); and 2107.03 ("The will shall be attested and subscribed in the conscious presence of the testator, by two or more competent witnesses, who saw the testator subscribe, or heard the testator acknowledge the testator's signature."). The Supreme Court of Ohio has recognized subscribe to mean signature in official contexts. *Office of Disciplinary Counsel v. Bandy*, 81 Ohio St.3d 291, 690 N.E.2d 1280, 1281 (1998) (In discussing improper conduct regarding the witnessing of a will, the court stated: "Although respondent claims that his acts were based on a misunderstanding ... by obtaining his secretary's **signature,** respondent induced her to **subscribe** to a false statement." (emphasis added)). Thus, while § 5301.01 refers to "signing" by the grantor, it uses the term "subscribe" to address the notary or other official completing the acknowledgment certification through the affixing of the official's signature.

Ohio Revised Code Chapter 147, including § 147.04 cited by the Trustee, addressing notaries' appointment, duties, qualifications, term of office, and other matters pertaining to notaries' service, does not require that the name of the notary or other person who certifies the acknowledgment be placed on the acknowledgment other than through the official's signature. A notary public is authorized to perform "notarial acts." Ohio Revised Code § 147.51(A). Ohio Revised Code § 147.52(A) then states what is necessary to establish that a notary is authorized to act as a notary:

> If a notarial act is performed by any of the persons described in divisions (A) to (D) of section 147.51 ... the signature, rank, or title and serial number, if any, of the person are sufficient proof of the authority of a holder of that rank or title to perform the act. **Further proof of his authority is not required.**

Ohio Rev.Code § 147.52(A) (emphasis added). Thus, the printing, typing, or stamping of the notary's name on the acknowledgment is not required to prove the authority of the notary to act.

Additionally, Ohio Revised Code § 147.04, relied upon by the Trustee, addresses the notary seal and does not mandate the name of the individual be located upon the seal, but indicates the name may, instead of appearing on the seal, be printed, typewritten or stamped near the signature. The statute does contemplate the name, apart from the signature, be separately part of the certification. However, once the certification is completed by an individual identified as a notary or other appropriate officer and signed, the court finds it is within substantial compliance with Ohio law. The requirement of the separate name is not contemplated by Ohio Revised Code § 147.52(A), which specifically addresses the authority of the certify-

ing individual. The seal is not mandated for substantial compliance and, therefore, absent a separate legal infirmity, such as the title of the individual not being identified, the certification is, while not in complete compliance with Ohio Revised Code § 147.04, in substantial compliance with Ohio law. *See* current version of Ohio Revised Code § 5301.071(B) [2] ("No instrument conveying real estate, or any interest therein, and of record in the office of the county recorder of the county within this state in which such real estate is situated shall be deemed defective nor shall the validity of such conveyance be affected because ... [t]he officer taking the acknowledgment of such instrument having an official seal did not affix such seal to the certificate of acknowledgment."); *Nowak*, 414 B.R. at 279. Section 147.52 and not § 147.04 is the statute addressing the requirements for a notary or other appropriate officer to show his authority. Thus, in unequivocal language, these statutes demonstrate that the authority to certify an acknowledgment clause does not require that the name of the individual be placed upon the certificate other than through the official's signature.

The certification in question includes both a signature identifying the signatory as a notary public in two places and the phrase "notarial seal." This is sufficient to substantially comply with § 5301.01(A). Unlike another bankruptcy court decision from this District concerning an inadequate certification, this instrument identifies the individual as a notary. *Cf. Nowak*, 414 B.R. at 280, *citing Johnston's Lessee v. Haines*, 2 Ohio 55 (1825) (a certification of an acknowledgment clause must be performed by an authorized officer and that

proof must be provided upon the certification itself). In *Nowak*, the asserted notary was identified only as a "broker" and a notarial seal was not included as part of the certification. By contrast, in the Mortgage, the seal identifies the individual subscribing the certification as a notary because it states "notary public" in the text and under the notary's signature. Unlike the requirement that the acknowledgment must be certified by an authorized officer, Ohio case law does not mandate that the individual be identified for substantial compliance. As noted, this requirement is part of the statute addressing the seal requirements and a seal is not required in order for an otherwise acceptable acknowledgment clause to be in substantial compliance with Ohio law. Ohio Revised Code § 5301.071(B). *Nowak* was not based on the statutory requirement that the seal be complete in all respects, but the longstanding Ohio case and statutory law, which was traced to the present state of Ohio law, states that the title of the authorized individual who certified the acknowledgment clause must be identified. The Mortgage in question properly identified the title of the individual as a notary public and, therefore, does not implicate *Nowak*.

For all these reasons, the acknowledgement clause was certified by a notary public and the lack of a stamped, printed, or handwritten name upon the seal or near the notary's signature does not prevent this court from finding the certification substantially complied with Ohio law. The court agrees with the conclusion of *Sunnafrank* on this question. 456 B.R. at 893. The court did not consider any extrinsic evidence outside the acknowledgment clause to reach this ruling.[3]

---

**2.** Effective March 22, 2012 Ohio Revised Code § 5301.071 included technical changes, but those changes would not have affected this court's interpretation of the statute.

**3.** The Trustee has not provided evidence or even alleged that the acknowledgment clause is not what it purports to be, that is, the product of fraud. In other words, the Trustee

## V. Conclusion

The Trustee's motion for summary judgment is **denied** and Midland's motion for summary judgment is **granted.** The court will concurrently enter an order consistent with this decision.

**IT IS SO ORDERED.**

has argued that the acknowledgment clause certification was not completed in substantial compliance with Ohio law due to the failure to comply with a statutory requirement under Ohio law, not that an individual impersonated a notary public at the closing or fraudulently signed the signature of another. In such an unusual situation where the Trustee, despite the acknowledgment clause, had some reason to question the authority of the notary, the burden may be on the mortgagee. Cf. *Ashley v. Wright*, 19 Ohio St. 291, 295–96 (1869); *Sunnafrank*, 456 B.R. at 893. The affidavit of the notary submitted by Midland refutes any such theoretical issue and the Trustee has not disputed those facts. While the court agrees that extrinsic evidence could not be used to cure an otherwise defective acknowledgment clause (*See Terlecky v. Chase Home Fin., LLC (In re Sauer)*, 417 B.R. 523, 535–39 (Bankr. S.D.Ohio 2009)), the court construes the affidavit as merely refuting this possible factual issue that never arose. Thus, the court does not construe the affidavit as curing a defectively executed mortgage—the court finds that the mortgage was executed in substantial compliance with Ohio law without consideration of the notary's affidavit because the certification is signed and the certification identifies the signatory on the certification as a notary. Nothing more is required.