[Cite as *State ex rel. Brown v. Jeffries*, 2012-Ohio-1522.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE EX. REL. STEVEN BROWN, | : | Case No. 11CA3275 |
| | : | |
| Plaintiff-Appellant, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| WARDEN JEFFRIES, ET AL., | : | |
| | : | **RELEASED 03/28/12** |
| | : | |
| Defendant-Appellees. | : | |

_____

APPEARANCES:

Steven S. Brown, Lucasville, Ohio, pro se.

Michael Dewine, Ohio Attorney General, and Peter L. Jamison, Ohio Assistant Attorney General, Columbus, Ohio, for appellees.

_____

Harsha, J.

**{¶1}** Steven Brown appeals the trial court's decision not to issue warrants based on his affidavit for a criminal complaint, arguing that the court abused its discretion by failing to hold a hearing before deciding whether his affidavit had merit, i.e. established probable cause. R.C. 2935.10 applies in this case and requires a judge to summarily issue a warrant or refer the matter to the prosecutor for further investigation. Accordingly, we reverse.

I. FACTS

**{¶2}** While incarcerated in Ross Correctional Institute, Steven Brown filed an affidavit with the Ross County Court of Common Pleas seeking the issuance of criminal warrants under R.C. 2935.09 against several prison officials for committing both felonies and misdemeanor crimes against him. Without holding a hearing, or referring the

matter to the prosecuting attorney for investigation, the trial court found Brown's affidavit was "not meritorious", i.e. did not constitute probable cause to believe any of the named prison officials had committed criminal acts. Accordingly, the trial court denied Brown's request to issue criminal warrants. This appeal followed.

## II. ASSIGNMENT OF ERROR

**{¶3}** Brown presents one assignment of error for our review: [1]

**{¶4}** "THE LOWER COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DISMISSED THE CASE WITHOUT A PROBABLE CAUSE HEARING."

## III. CITIZEN AFFIDAVITS

**{¶5}** Brown argues the trial court abused its discretion by terminating this matter without first holding an evidentiary hearing to determine whether his affidavit established probable cause to initiate a criminal action. Brown also claims that he was denied the equal protection of the laws and his First Amendment rights under the United States Constitution. However, his assignment of error and brief focus on nonconstitutional issues. Likewise, we will do the same.

**{¶6}** A private citizen may initiate the arrest or prosecution of a person charged with committing an offense if the citizen complies with the requirements of R.C. 2935.09(D). *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, ¶ 6. R.C. 2935.09(D) provides: "A private citizen having knowledge of the facts who seeks to cause an arrest or prosecution under this section may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if

---

[1] Brown did not specifically designate this statement as an "Assignments of Error" in his brief. Nonetheless, we recognize it as one.

a complaint should be filed by the prosecuting attorney * * *." A "reviewing official" is a judge, the prosecuting attorney, or a magistrate. R.C. 2935.09(A).[2]

**{¶7}** The Supreme Court has consistently held that "'R.C. 2935.09 does not mandate prosecution of all offenses charged by affidavit.'" *State ex rel. Boylen v. Harmon*, 107 Ohio St.3d 370, 2006-Ohio-7, 839 N.E.2d 934, ¶ 6 (per curiam). R.C. 2935.09 "'must be read *in pari materia* with R.C. 2935.10, which prescribes the subsequent procedure to be followed.'" Id.

**{¶8}** Under R.C. 2935.10(A) if the affidavit charges the commission of a felony, the judge, clerk, or magistrate, "must issue a warrant for the arrest of the person charged in the affidavit unless the judge, clerk, or magistrate 'has reason to believe that it was not filed in good faith, or the claim is not meritorious.' 'Otherwise he shall forthwith refer the matter to the prosecuting attorney or other attorney charged by law with prosecution for investigation prior to the issuance of warrant.'" *Boylan*, supra, at ¶ 7. Under R.C. 2935.10(B) if the affidavit charges the commission of a misdemeanor the judge, clerk, or magistrate may: "(1) Issue a warrant for the arrest of such person * * * " or "(2) Issue summons * * * commanding the person against whom the affidavit or complaint was filed to appear forthwith, or at a fixed time in the future, before such court or magistrate." Here, because Brown's affidavit alleges various felonies and misdemeanors, both R.C. 2935.10(A) and (B) apply to his case.

**{¶9}** In *Boylen* the Supreme Court of Ohio determined that the procedure calling for a probable cause hearing under Crim.R. 4(A) was applicable where affidavits

---

[2] This subsection was amended in 2006 to substitute the words "reviewing official" for the former language that referred to "a judge, clerk of court, or magistrate". R.C. 2935.10 apparently has not been amended to reflect this change. See paragraph 8.

are filed with a valid criminal complaint under Crim.R. 3. It concluded Crim.R. 4(A) does not apply where only affidavits are filed under R.C. 2935.09. *Boylen,* supra*,* at ¶ ¶9 & 10. Rather the court pointed out that R.C. 2935.10 applies and affords the reviewing official only two options: 1) issue a warrant or 2) refer the matter to the prosecutor for investigation if there is a belief that the affidavit lacks a meritorious claim, i.e. probable cause, or was not made in good faith. Id. at ¶ 7. *See also State v. Slayman*, 5th Dist. No. 08CA70, 2008-Ohio-6713, ¶ 21 and *State v. Boylen*, 5th Dist. No. 2005CA00164, 2006-Ohio- 2030, ¶ 21.

**{¶10}** R.C. 2935.10 does not provide the trial court with the third option of summarily dismissing the matter. However, that is the course of action taken here. Accordingly, we must reverse the court's judgment and remand with instructions to refer the matter to the prosecuting attorney for investigation.

JUDGMENT REVERSED
AND REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED AND REMANDED and that Appellees shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Kline, J. & McFarland, J.:  Concur in Judgment and Opinion.


For the Court


BY:  _____
      William H. Harsha, Judge


## **NOTICE TO COUNSEL**


**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**