[Cite as *Anderson v. Mitchell*, 2014-Ohio-1058.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99876**

---

# WILFRED L. ANDERSON

PLAINTIFF-APPELLANT

vs.

# LUANN MITCHELL

DEFENDANT-APPELLEE

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-09-711259

**BEFORE:** E.T. Gallagher, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 20, 2014

**FOR APPELLANT**

Wilfred L. Anderson, pro se
7230 Kinsman Road, #213
Cleveland, Ohio 44104


**FOR APPELLEE**

Luann Mitchell, pro se
2485 Newbury Drive
Cleveland Heights, Ohio 44118

EILEEN T. GALLAGHER, J.:

{¶1}   Plaintiff-appellant, Wilfred L. Anderson ("Anderson"), pro se, appeals the trial court's order granting summary judgment in favor of defendant-appellee, Luann Mitchell ("Mitchell"), pro se.   We find no merit to the appeal and affirm.

{¶2} In December 2011, Anderson filed a complaint against Mitchell alleging that she stole the cremated remains of his deceased wife, Angelina Johnson ("Johnson"), "from its place of safe keeping at 2485 Newbury Drive, Cleveland Heights, Ohio."  It further alleged that on December 14, 2010, Mitchell told Anderson that she was in possession of the urn containing Johnson's ashes and that she would destroy it if Anderson "interfered with her relationship" with Mitchell V. Barney, DDS ("Barney"). According to the complaint, Barney was the "assigned keeper" of the urn at the time of its removal.   Finally, the complaint alleges that Mitchell's actions constitute intentional infliction of emotional distress, and that Anderson has suffered pain, "loss of productivity," and property damages.

{¶3} Mitchell filed a motion for summary judgment arguing that Anderson failed to state a claim upon which relief could be granted.   She also argued that he lacked standing to sue for possession of Johnson's ashes because he was never married to her and is not related to her by blood.   The trial court granted   Mitchell's motion for summary judgment.   Anderson now appeals and raises four assignments of error.

**Standard of Review**

{**¶4**} We review an appeal from summary judgment de novo. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact as to the essential element of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Once the moving party demonstrates entitlement to summary judgment, the burden shifts to the nonmoving party to produce evidence related to any issue on which the party bears the burden of production at trial. Civ.R. 56(E). Summary judgment is appropriate when, after construing the evidence in a light most favorable to the party against whom the motion is made, reasonable minds can only reach a conclusion that is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998).

**Affidavits**

{**¶5**} In the first assignment of error, Anderson argues the affidavits submitted in support of Mitchell's motion for summary judgment are invalid because they were not properly notarized. He contends the notaries who certified the affidavits failed to comply with the requirements of R.C. 147.04.

{**¶6**} R.C. 147.04, which governs notary seals and registers, provides, in relevant part:

> Before entering upon the discharge of his duties, a notary public shall provide himself with a seal of a notary public. The seal shall consist of the coat of arms of the state within a circle one inch in diameter and shall be surrounded by the words "notary public," "notarial seal," or words to that effect, the name of the notary public and the words "State of Ohio." The

seal may be of either a type that will stamp ink onto a document or one that will emboss it. The name of the notary public may, instead of appearing on the seal, be printed, typewritten, or stamped in legible, printed letters near his signature on each document signed by him.

{¶7} The affidavits in the record contain notary signatures with embossed state of Ohio notary seals. The embossed seals are approximately one inch in diameter, depict the coat of arms of the state, and are surrounded by the words "notary public." The embossed seals therefore comply with R.C. 147.04. However, none of the seals contain a typed, printed, or stamped name of the notary in addition to each notary's signature on the documents.

{¶8} Nevertheless, courts have held that affidavits are not necessarily fatally defective because of errors in notarizing them. In *Stern v. Bd. of Elections of Cuyahoga Cty.*, 14 Ohio St.2d 175, 237 N.E. 2d 313 (1968), the court found substantial compliance with the statute is sufficient. The affidavit in *Stern* was sufficient even though the notary failed to sign or imprint his seal onto the affidavit because the notary's name was legibly printed on the document. *Id*. at 178, 182-183. *See also City Comm. of Gallipolis v. State*, 36 Ohio App. 258, 261,173 N.E. 36 (4th Dist.1930) (holding that affidavits are not defective if the seal of the notary does not strictly conform to statutory requirements).

{¶9} Similarly, in *In re Robinson*, 403 B.R. 497 (Bankr.S.D.Ohio 2008), the United States Bankruptcy Court for the Southern District of Ohio determined that, under Ohio law, the failure of a notary to print her name near her signature is not fatal, nor is failure of the seal to include the name of the notary. *Id*. at 500-501. Thus, the failure of

a notary to print his name near his signature is not fatal to the affidavit so long as the notary substantially complies with the requirements of R.C. 147.04.

{¶10} The notary seals certifying Mitchell's affidavits fail to substantially comply with R.C. 147.04.   In each of Mitchell's affidavits, the notary's name is not printed or stamped.   Moreover, the signatures, which are the same on both affidavits, are illegible.

{¶11} However, the notary seal certifying Barney's affidavit is sufficient to meet the requirements of R.C. 147.04.   As previously stated, the embossed stamp of the state of Ohio notary is one inch in diameter, depicts the state's coat of arms, and is surrounded by the words "notary public."   Moreover, the notary's name, Beth Lash, is clearly legible.

{¶12} Therefore, Mitchell's affidavits are invalid but Barney's affidavit is legitimate.   Accordingly, Anderson's first assignment of error is sustained in part and overruled in part.   Mitchell's affidavits are stricken from the record.

## Forgery

{¶13} In the second assignment of error, Anderson argues the affidavits in the record contain forged notary signatures.   Although Anderson filed a motion to disclose the identity of the notary who certified one of Mitchell's affidavits, Anderson never argued the notary signature on Barney's affidavit was forged.   A party who fails to raise an argument in the trial court forfeits the right to raise it on appeal.   *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), syllabus.   And in any event, there is no evidence in the record that the notary signature on Barney's affidavit has been forged.

{¶14} Therefore, the second assignment of error is overruled.

## Pretrials

{¶15} In the third and fourth assignments of error, Anderson complains the trial court erred in failing to hold a case management conference, pretrial, or other court mediated conference before ruling on the motion for summary judgment.

{¶16} Local Rule 21 of Cuyahoga County Common Pleas Court , General Division, states in part, that "[a] pretrial conference shall be conducted in all civil cases prior to being scheduled for trial, except in actions for injunctions, foreclosures, marshaling of liens, partition, receiverships and appeals from administrative agencies." There is no requirement that the court hold a pretrial conference before ruling on a dispositive motion. Moreover, Anderson was afforded opportunities to respond to all of Mitchell's motions. Indeed, the court granted Anderson additional time to respond to Mitchell's motion for summary judgment. Therefore, Anderson fails to demonstrate how he was prejudiced by the lack of a court-mediated conference.

{¶17} Accordingly, the third assignment of error is overruled.

### De Novo Review

{¶18} In our de novo review, we find no error in the court's decision to grant summary judgment in favor of Mitchell, despite the invalidity of her affidavits. Mitchell argued that Anderson failed to state a claim upon which relief could be granted and that he lacked standing to recover Johnson's ashes because he was never married to her.

{¶19} Whether a party has established standing to bring an action before the court is a question of law, which we review de novo. *Cuyahoga Cty. Bd. of Commrs. v. Ohio*, 112 Ohio St.3d 59, 2006-Ohio-6499, 858 N.E.2d 330, ¶ 23. To have standing, a plaintiff must have a personal stake in the outcome of the controversy and have suffered some

concrete injury that is capable of resolution by the court. *Middletown v. Ferguson*, 25 Ohio St.3d 71, 75, 495 N.E.2d 380 (1986). The violation of a legally protected right constitutes an injury for purposes of standing. *See generally Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977.

{¶20} In this case, Anderson claims he is legally entitled to Johnson's cremated remains because he is her widower. Indeed, a surviving spouse has primary and paramount rights to possession of his deceased spouse's body. *Spanich v. Reichelderfer*, 90 Ohio App.3d 148, 152, 628 N.E.2d 102 (2d Dist.1993). However, there is unrefuted evidence in the record establishing that Anderson was never married to Johnson and therefore, not entitled to her cremated remains. Barney averred in his affidavit that Anderson has been his friend for over 28 years and that:

> 6. * * * I have personal knowledge that he has never been married and in fact, bragged about never getting married. He emphatically referred to Angelina as his "housekeeper."

> 7. Having known Angelina C. Johnson for over 28 years prior to her death in 2002, I have personal knowledge that she was never married to Wilfred Anderson and categorically stated she would never marry him.

{¶21} Thus, Mitchell produced competent, credible evidence demonstrating that Anderson was not married to Johnson and therefore, has no legal right to her ashes. Under Civ.R. 56(E), once the moving party satisfies its burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. *Dresher v. Burt*, 75 Ohio St.3d 280, 622 N.E.2d 264 (1996), Civ.R. 56(E). Rather, the burden then shifts to the nonmoving party to respond, with affidavits or other evidence permitted

under Civ.R. 56, setting forth specific facts that show that there is a genuine issue of material fact for trial. *Id.*

**{¶22}** Although Anderson alleges in the complaint that he is Johnson's widower, he has not produced any evidence to verify this fact and rebut Barney's sworn testimony to the contrary. Without proof of marriage, Anderson cannot demonstrate that he had a legally protected right to Johnson's cremated remains. He has, therefore, failed to demonstrate a claim upon which relief might be granted or that he has standing to bring this suit against Mitchell.

**{¶23}** Accordingly, we affirm the trial court's judgment but strike Mitchell's affidavits from the record.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
SEAN C. GALLAGHER , J., CONCUR