[Cite as *Hillman v. Larrison*, 2016-Ohio-7971.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Robert L. Hillman, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 16AP-374 |
| v. | : | (C.P.C. No. 15CV-2664) |
| David Larrison, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on December 1, 2016

**On brief:** *Robert L. Hillman,* pro se.

**On brief:** *Richard C. Pfeiffer, Jr.,* City Attorney, and *Timothy J. Mangan.*

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Plaintiff-appellant, Robert L. Hillman, a pro se inmate, appeals the April 25, 2016 ruling of the Franklin County Court of Common Pleas which dismissed for a second time Hillman's case without following the instructions by this superior Court. For the following reasons, we reverse and remand the instant case with instructions for the trial court to follow this Court's initial instructions as set forth in our February 23, 2016 decision.

{¶ 2} Hillman appeals the following assignments of error for our consideration:

[I.] APPELLANT CONTENDS THAT THE TRIAL COURT DENIED HIM DUE PROCESS AND EQUAL PROTECTION OF THE LAW UNDER THE 1ST, 5TH, AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTIONS [SIC] WHERE IT SHOWED BIAS, AND PREJUDICE, BY REVISITING THE TENTH DISTRICT COURT[']S REMAND ORDER, AND ACTING CONTRARY TO IT, VIOLATING THE LAW OF THE CASE DOCTRINE.

[II.] APPELLANT CONTENDS THAT THE TRIAL COURT DENIED HIM DUE PROCESS AND EQUAL: PROTECTION OF THE LAW UNDER THE 1ST, FIFTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTIONS [SIC] WHERE THE TRIAL COURT ABUSED IT'S [SIC] DISCRETION BY SHOWING BIAS AND PREJUDICE AGAINST HIM IN DISMISSING THE COMPLAINT, VIOLATING THE REMAND ORDER TENTH DISTRICT APPELLATE COURT.

[III.] APPELLANT CONTENDS THAT HE WAS DENIED DUE PROCESS AND EQUAL PROTECTION OF THE LAW UNDER THE 1ST, 5TH, AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTIONS [SIC] WHERE THE TRIAL COURT VIOLATED THE PLAINTIFF'S-APPELLANT'S RIGHTS AGAINST DOUBLE JEOPARDY, AND (2) FOR NOT ORDERING THE CLERK OF COURT TO CORRECT THE MISFILING MADE IN THE CASE WHERE APPELLANT FILED A **NEW CRIMINAL COMPLAINT*** WHICH THE CLERKS OFFICE FILED UNDER A TERMINATED CASE NUMBER IN 15CV-2664, AND THAN [SIC] RECHARGED [SIC] THE APPELLANT AGAIN $101.00.

{¶ 3} On February 23, 2016, we reversed the dismissal of the trial court while noting the following factual procedure:

> Appellant is an inmate at the Chillicothe Correctional Institution. On March 27, 2015, appellant filed a pleading captioned "(ACCUSATION BY AFFIDAVIT) (CRIMINAL COMPLAINT)" ("affidavit") against appellee, who is a city of Columbus police officer. Appellant alleged in the affidavit that appellee committed perjury during appellant's criminal trial. Appellant's affidavit specifically indicated it was being filed, pursuant to HN1 R.C. 2935.09 and 2935.10, which permit a private citizen to file an affidavit charging an offense against another person.
>
> On April 24, 2015, appellee filed a motion to dismiss for failure to state a claim upon which relief could be granted. Appellee asserted that (1) there is a process within the criminal justice system for arrest warrants to be issued, but a suit in a civil case is not part of that process, and (2) appellant failed to file an affidavit of prior civil actions that complies with R.C. 2969.25(A).
>
> On May 14, 2015, appellant filed a motion arguing that the court lacked jurisdiction over the case. Appellant asserted that

the clerk of courts deliberately misfiled the case as a civil case when it was clearly an affidavit filed under R.C. 2935.09. Appellant requested that the trial court not issue any finding but, instead, transfer the case to criminal court or forward it to the prosecutor's office for investigation.

On July 15, 2015, the trial court issued an order in which it granted appellee's motion to dismiss, terminated the case, and assigned costs to appellant. On July 30, 2015, the trial court issued a cost bill for $95. Appellant appeals the judgment of the trial court, asserting the following assignment of error:

THE TRIAL COURT ABUSED IT'S DISCRETION WHEN IT IMPOSED UPON THE APPELLANT COURT COST AND FILING FEES WITHOUT HAVING ACQUIRED SUBJECT-MATTER OR PERSONAL JURISDICTION OVER THE CASE IN VIOLATION OF THE APPELLANT'S 1ST, 5TH, AND 14TH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTIONS TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW.

In his assignment of error, appellant argues that the trial court erred when it imposed court costs and filing fees on him without having acquired subject-matter or personal jurisdiction. Specifically, appellant contends that he did not file a motion to dismiss but, instead, filed a motion stating that the trial court had no jurisdiction to do anything because it was misfiled by the clerk of courts as a civil matter when it was an affidavit pursuant to R.C. 2935.09. He asserts that the trial court could not order him to pay the costs of an action that he never intended to file.

*Hillman v. Larrison*, 10th Dist. No. 15AP-730, 2016-Ohio-666, ¶ 2-6.

{¶ 4} On remand, the trial court once again failed to follow our instructions and dismissed the case due to Hillman filing an "invalid" affidavit. The trial court stated that the affidavit was invalid because it lacked a notary stamp or seal. The trial court also believed that it was precluded from conducting a review under R.C. 2935.09 and 2935.10 pursuant to our instructions because "a valid affidavit is a prerequisite." (Apr. 25, 2016 Decision, Entry & Order at 5.) The trial court stated that this court "apparently missed the fact that the document did not contain the notary's seal or stamp." (Decision, Entry & Order at 4.)

{¶ 5}   On May 16, 2016, Hillman appealed the judgment of the trial court issued on April 25, 2016. Hillman asserts three assignments of error. However, all three assignments of error are couched in allegations of constitutional violations, which state that the trial court's dismissal violated his rights of due process and equal protection. Hillman correctly notes that the trial court failed to follow this Court's instructions and violated the law of the case doctrine when it dismissed the case. We do not believe it is necessary to address the constitutional issues and reverse.

{¶ 6}   The Tenth District's previous decision considered Hillman's affidavit to be facially valid: "Appellant's affidavit was certified by a notary public and indicates in its first sentence that it is being filed pursuant to R.C. 2935.09(A) and (D) and 2935.10." *Hillman* at ¶ 13. In spite of this determination, the trial court made its own examination of the validity of the affidavit. Furthermore, it applied a stricter standard than the "substantial compliance" required by Ohio courts. *See, e.g.*, *Stern v. Bd. of Elections*, 14 Ohio St.2d 175, 180, 183 (1968) (affirming validity of affidavit in spite of "a technical defect in the prima facie proof of compliance with the statute with regard to the jurat of the notary public"); *Anderson v. Mitchell*, 8th Dist. No. 99876, 2014-Ohio-1058 (applying a "substantial compliance" standard to issue of whether affidavits were notarized in accordance with R.C. 147.04 and noting that the "affidavit in Stern was sufficient even though the notary failed to sign or imprint his seal onto the affidavit because the notary's name was legibly printed on the document"). It is clear the trial court, in addition to failing to follow our instructions, applied its own standard in determining the validity of said affidavit.

{¶ 7}   The law of the case doctrine extends to all issues previously decided as finally settled. *McCoy v. Engle*, 42 Ohio App.3d 204, 206 (10th Dist.1987). On remand, the trial court is only "free to change factual findings previously made by that court as to issues not passed upon by the reviewing court." *Id.* The validity of Hillman's affidavit was not the subject of the previous appeal and this Court previously considered it valid before remanding the case. Because of this, the trial court was not free to revisit the issue of the affidavit's validity as if it had not been settled and find a way to dismiss Hillman's case rather than comply with the mandate of this Court. It is also noteworthy that appellee does not even address Hillman's law of the case argument in its response. Thus, we remand the case with instructions to apply with the statute, as this Court

previously held.  Under R.C. 2935.10, the trial court judge has "only two options: 1) issue a warrant or 2) refer the matter to the prosecutor for investigation if there is a belief that the affidavit lacks a meritorious claim, i.e. probable cause, or was not made in good faith." *State ex rel. Brown v. Jeffries,* 4th Dist. No. 11CA3275, 2012-Ohio-1522, ¶ 9.

{¶ 8}  For the foregoing reasons, we sustain Hillman's first assignment of error insofar as it asserts that the trial court erred by violating the law of the case doctrine, but overrule in regards to the constitutional violations asserted. We remand with instructions to perform the mandate this Court previously issued. Finally, all outstanding issues raised by Hillman's other assignments of error are overruled as moot.

*Judgment reversed; case remanded.*

TYACK and KLATT, JJ., concur.

————————————————