[Cite as *Hillman v. Larrison*, 2018-Ohio-184.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Robert L. Hillman, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 17AP-160 |
| v. | : | (C.P.C. No. 15CV-2664) |
| David Larrison, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on January 18, 2018

**On brief:** *Robert L. Hillman,* pro se.

**On brief:** *Richard C. Pfeiffer, Jr.,* City Attorney, and *Timothy J. Mangan,* for appellee.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Plaintiff-appellant, Robert L. Hillman, appeals the decision of the Franklin County Court of Common Pleas finding that his accusation by affidavit filed under R.C. 2935.09 was not meritorious, referring the matter to the prosecuting attorney, and closing the case. For the reasons set forth below, we reverse.

**I. FACTS AND PROCEDURAL BACKGROUND**

{¶ 2} Hillman initiated this proceeding on March 27, 2015, by filing an accusation by affidavit under R.C. 2935.09. He alleged that defendant-appellee, David Larrison, a city of Columbus police officer, had committed perjury under R.C. 2921.11 by making false statements when testifying during Hillman's criminal trial. The trial court dismissed the case on July 15, 2015, and Hillman appealed.

{¶ 3}   This court reversed and remanded on the grounds that the trial court had "summarily dismissed" the matter without applying R.C. 2935.10, which " 'affords the reviewing official only two options: 1) issue a warrant or 2) refer the matter to the prosecutor for investigation if there is a belief that the affidavit lacks a meritorious claim, i.e. probable cause, or was not made in good faith.' " *Hillman v. Larrison*, 10th Dist. No. 15AP-730, 2016-Ohio-666 ("*Hillman I*"), ¶ 14, quoting *State ex rel. Brown v. Jeffries*, 4th Dist. No. 11CA3275, 2012-Ohio-1522, ¶ 9. Accordingly, we reversed and remanded with instructions to the trial court to follow the procedures set forth in the statute.

{¶ 4}   On remand, the trial court dismissed the case, but did so on the grounds that the affidavit was invalid because it lacked a notary stamp or seal. (Apr. 25, 2016 Decision, Entry & Order.) Hillman appealed the trial court's decision.

{¶ 5}   Once again, we reversed. Because our previous decision had "considered Hillman's affidavit to be facially valid," we held that the law of the case doctrine prevented the trial court from revisiting this previously settled issue and dismissing the case without complying with the mandate to apply the procedure set forth under R.C. 2935.10. *Hillman v. Larrison*, 10th Dist. No. 16AP-374, 2016-Ohio-7971 ("*Hillman II*"), ¶ 6-7.

{¶ 6}   On remand, the trial court examined Hillman's affidavit and concluded that it was not meritorious. Accordingly, the trial court referred the matter to the county prosecutor "for investigation," overruled a number of pending motions filed by Hillman, and ordered the case closed. *Id.* at ¶ 3.

{¶ 7}   Hillman has appealed, and asserts the following assignments of error:

> [I.] APPELLANT SUBMITS THAT THE TRIAL COURT DENIED HIM DUE PROCESS AND EQUAL PROTECTION OF THE LAW UNDER THE 1ST, 5TH, AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN IT DELIBERATELY IGNORED THE APPELLANT'S EVIDENCE IN SUPPORT OF HIS CLAIMS, AS SAID EVIDENCE THAT THE COURT CLAIMED APPELLANT (DID NOT SUBMIT) WAS IN FACT A MATTER OF RECORDS, MAKING THE COURTS DECISION NOT ONLY AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BUT, A DENIAL OF MEANINGFUL ACCESS TO THE COURTS, OR APPELLATE REVIEW.
>
> [II.] APPELLANTS SUBMITS THAT THE TRIAL COURT DENIED HIM DUE PROCESS AND EQUAL PROTECTION

OF THE LAW UNDER THE 1ST, 5TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTIONS WHERE THE TRIAL COURT JUDGE WAS PARTIAL AND BIAS.

(Sic. passim.)

## II. STANDARD OF REVIEW

{¶ 8}   This court applies an abuse of discretion standard to "a judge's decision not to issue a warrant based on an accusation by affidavit filed pursuant to R.C. 2935.09 and 2935.10." *Hillman v. O'Shaughnessy*, 10th Dist. No. 16AP-571, 2017-Ohio-489, ¶ 7, citing *In re Slayman*, 5th Dist. No. 08CA70, 2008-Ohio-6713, ¶ 19.

## III. FIRST ASSIGNMENT OF ERROR

{¶ 9}   R.C. 2935.09(D) provides:

> A private citizen having knowledge of the facts who seeks to cause an arrest or prosecution under this section may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney or attorney charged by law with the prosecution of offenses in the court or before the magistrate.

{¶ 10} R.C. 2935.10 sets forth the procedure for evaluating a private citizen's affidavit filed under R.C. 2935.09. *State ex rel. Boylen v. Harmon*, 107 Ohio St.3d 370, 2006-Ohio-7, ¶ 6. "Under R.C. 2935.10, the trial court judge has 'only two options: 1) issue a warrant or 2) refer the matter to the prosecutor for investigation if there is a belief that the affidavit lacks a meritorious claim, i.e. probable cause, or was not made in good faith.' " *Hillman II* at ¶ 7, quoting *State ex rel. Brown* at ¶ 9.

{¶ 11} Here, the trial court concluded that Hillman's affidavit was not meritorious after stating the following: "Hillman offers only his accusations in his Affidavit in support of his allegations against Larrison. He offers no trial transcript to provide context for the purported statements or other evidence buttressing his contentions that Larrison committed perjury." (Feb. 14, 2017 Decision, Entry & Order at 2.)

{¶ 12} Hillman's affidavit offered more than mere accusations. He cited several specific statements made by Larrison while on the witness stand that he claimed were false. Furthermore, contrary to the trial court's observation, Hillman attached transcripts

of Larrison's trial testimony to an affidavit filed with the trial court on April 20, 2016.[1] Hillman also attached a copy of the 911 report that he claimed supported his accusation that Larrison committed perjury. To conclude that Hillman's affidavit lacked a meritorious claim, the trial court relied on an erroneous characterization of the record. Although likely an oversight, it was nevertheless error to fail to address Hillman's accusations and consider the evidence he presented in support of them. Accordingly, we sustain the first assignment of error insofar as it asserts that the trial court did not base its ruling on the evidence in the record, but overrule the assignment of error insofar as it asserts that the ruling violated any constitutional right.

## IV. SECOND ASSIGNMENT OF ERROR

{¶ 13}   In his second assignment of error, Hillman argues that the trial court judge was biased because her decision arose from "personal vindictiveness or, ill will" that resulted from Hillman having filed an R.C. 2935.09 accusation by affidavit against her in another proceeding. (Appellant's Brief at 4.)

{¶ 14} The exclusive remedy for a claim of judicial bias against a judge of a court of common pleas is R.C. 2701.03. *State v. Scruggs*, 10th Dist. No. 02AP-621, 2003-Ohio-2019, ¶ 15. However, under that statute, only "the Ohio Supreme Court, not the appeals courts, has authority to determine a claim that a common pleas court judge is biased or prejudiced." *Wardeh v. Altabchi*, 158 Ohio App.3d 325, 2004-Ohio-4423, ¶ 21 (10th Dist.). Because this court lacks jurisdiction to review claims of judicial bias, Hillman's second assignment of error is overruled.

## V. CONCLUSION

{¶ 15} For the foregoing reasons, we sustain the first assignment of error on the grounds that the trial court's ruling was not based on the evidence of the record, but overrule it with regard to any alleged effect this ruling had on Hillman's constitutional rights. The second assignment of error is overruled. Accordingly, the judgment of the trial court is reversed and this case is remanded to the trial court with instructions to consider whether Hillman has made a meritorious allegation of perjury, based on his affidavit and the documentation in the record he submitted in support of the allegation.

---

[1] Analogously, we have held that a petition to correct jail-time credit pursuant to R.C. 2929.19(B)(2)(g)(iii) does not require proof by the supplying of a transcript. *State v. Gibson*, 10th Dist. No. 17AP-200, 2017-Ohio-7254, ¶ 10.

*Judgment reversed; case
remanded with instructions.*

BRUNNER, J., concurs.
DORRIAN, J., dissents in part and concurs in part.

DORRIAN, J., dissenting in part and concurring in part.

{¶ 16} I respectfully dissent from the majority and would overrule appellant's first assignment of error in its entirety. I disagree that the trial court's characterization of the record was erroneous. Appellant did not provide the court with a transcript of the trial during which the alleged perjury occurred. Rather, he attached to his request for probable cause hearing an affidavit filed on April 20, 2016 three pages excerpted from a transcript of a court proceeding not identified by case number or date. The excerpts do not contain any certificate signed by a court reporter. Appellant also attached one page of what he refers to as a 911 report; however, there is no indication on the document that it was in fact a 911 report or from which jurisdiction the document was obtained. The document is not authenticated or certified, and appellant himself seems to suggest the document was not admitted into evidence at the trial during which the alleged perjury occurred. Appellant states in his affidavit that "this 911 transcribed call, document was obtained through the public information act by the complaintant's [sic] sister Cheryl Ayler, who has kept a copy of said document by which the trial court, prosecutor's office and judge fought so hard for me not to have, and include in evidence at my trial." (Apr. 20, 2016 Request for Probable Cause Hearing, Aff. at ¶ 2.) I agree with the trial court that appellant offered no trial transcript to provide context for the purported statements or other evidence buttressing his contentions that Officer Larrison committed perjury. I also agree, considering the documents attached to the affidavit filed April 20, 2016, that appellant's affidavit was not meritorious. Accordingly, I would affirm the trial court.

{¶ 17} I concur with the majority and would overrule appellant's second assignment of error.

_____