[Cite as *Hillman v. Larrison*, 2020-Ohio-4896.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Robert L. Hillman, | : | |
| Plaintiff-Appellant, | : | No. 20AP-7 |
| v. | : | (C.P.C. No. 15CV-2664) |
| David Larrison, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on October 13, 2020

**On brief:** *Robert L. Hillman*, pro se.

**On brief:** *Zach Klein*, City Attorney, and *Janet R. Hill Arbogast*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Plaintiff-appellant, Robert L. Hillman, appeals from a judgment of the Franklin County Court of Common Pleas entered on November 19, 2019 that denied his October 1, 2019 motion to vacate fines and costs purportedly imposed on him in the underlying matter. For the reasons that follow, we affirm the judgment of the trial court.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2} This is the fifth appeal Hillman has filed with this Court in connection with the underlying case, which he initiated in 2015 by filing an accusation by affidavit under R.C. 2935.09. Hillman alleged in his affidavit that defendant-appellee, David Larrison, an officer with the Columbus City Police Department, committed perjury in violation of R.C. 2921.11 by making false statements when testifying during Hillman's criminal trial. The trial court dismissed the case on July 15, 2015, and Hillman appealed. This Court reversed and remanded on the ground that the trial court had summarily dismissed the matter

without applying R.C. 2935.10. *Hillman v. Larrison*, 10th Dist. No. 15AP-730, 2016-Ohio-666, ¶ 10 ("*Hillman I*"). This Court remanded with instructions to the trial court to follow the statutory procedure.

{¶ 3} On remand, the trial court dismissed the case on the ground that Hillman's accusation by affidavit was invalid because it lacked a notarial stamp or seal. Hillman appealed. This Court again reversed, holding that the law of the case doctrine prevented the trial court from dismissing the case without complying with this Court's mandate to apply the procedure set forth in R.C. 2935.10. *Hillman v. Larrison*, 10th Dist. No. 16AP-374, 2016-Ohio-7971 ("*Hillman II*").

{¶ 4} On the second remand, the trial court examined Hillman's affidavit and concluded it was not meritorious. The trial court referred the matter to the county prosecuting attorney for investigation, overruled a number of pending motions filed by Hillman, and ordered the case closed. Hillman again appealed, and this Court reversed and remanded a third time, finding the trial court did not properly examine all the evidence Hillman had presented in support of his accusation by affidavit. *Hillman v. Larrison*, 10th Dist. No. 17AP-160, 2018-Ohio-184 ("*Hillman III*"). This Court again directed the trial court "to consider whether Hillman has made a meritorious allegation of perjury, based on his affidavit and the documentation in the record he submitted in support of the allegation." *Id.* at ¶ 15.

{¶ 5} On the third remand, the trial court considered all the evidence Hillman had presented in support of his accusation and found that his affidavit and complaint lacked probable cause and therefore was not meritorious. Based on that finding and under R.C. 2935.10(A), the trial court referred the matter to the county prosecuting attorney for investigation. Hillman appealed. This Court overruled all of Hillman's assignments of error and affirmed the judgment of the trial court. *Hillman v. Larrison*, 10th Dist. No. 18AP-896, 2019-Ohio-2537 ("*Hillman IV*"). Significant to the current appeal, this Court denied Hillman's assignment of error that asserted the trial court had denied him substantive due process and equal protection of the law when it refused to address his claim that court costs and filing fees were illegally imposed on him for filing an R.C. 2935.09 affidavit by accusation. This Court found that the trial court's judgment entry did not impose court costs on Hillman; consequently, he had not been adversely affected and the

issue of court costs was not properly before this Court. Further, the record did not indicate that Hillman had paid any filing fees and, in fact, the clerk of courts had accepted the affidavit of indigency Hillman filed with his complaint. Therefore, Hillman was not aggrieved, and the issue of filing fees was not properly before this Court. *Hillman IV* at ¶ 21-22.

{¶ 6} Hillman filed with this Court a motion to reconsider its decision in *Hillman IV*, which was denied in a memorandum decision rendered September 5, 2019. Hillman filed a notice of appeal to the Supreme Court of Ohio on the following day. In the interim, he attempted to obtain relief in the trial court by resubmitting a motion to vacate fines and costs on October 1, 2019. The trial court denied his motion on November 19, 2019. The Supreme Court declined to accept jurisdiction on November 26, 2019. *Hillman v. Larrison*, 157 Ohio St.3d 1497, 2019-Ohio-4840.

{¶ 7} On December 2, 2019, the clerk of courts sent Hillman a bill for fees in the amount of $163, as of November 27, 2019.

{¶ 8} On January 3, 2020,[1] Hillman filed the instant appeal from the trial court's denial of his October 1, 2019 motion to vacate the fines and costs the trial court had purportedly imposed on him.

## II. ASSIGNMENT OF ERROR

{¶ 9} Hillman presents for our review a single assignment of error.

> THE APPELLANT CONTENDS THAT THE TRIAL COURT DENIED PLAINTIFF SUBSTANTIVE DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW UNDER THE 1ST, 5TH, AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTIONS WHERE THE TRIAL COURT IMPOSED COURT COST AND FILLING FEES WHICH WERE UNAUTHORIZED BY STATUTORY LAW, AND THAN REFUSED TO VACATE SAID COSTS AND FEES, AND WHERE THE COURT REQUEST THE CLERKS OFFICE TO INTERPRET THE STATUTE.

(Sic passim.)

---

[1] Although Hillman's appeal appears on its face to have been untimely filed, it is deemed timely, due to an oversight by the clerk of courts.

## III.  STANDARD OF REVIEW AND LEGAL ANALYSIS

{¶ 10}  Hillman asserts here, as he did in *Hillman IV*, that the trial court denied him substantive due process and equal protection of the law when it refused to address his claim that court costs and filing fees were illegally imposed on him in connection with his filing of an R.C. 2935.09 affidavit by accusation.  We disagree.

{¶ 11}  The trial court's judgment entry did not impose any court costs (or filing fees) on Hillman.  Therefore, he has not been adversely affected, and the issue of court costs is not properly before this Court.

{¶ 12}  Our review of the record indicates that the clerk of courts, despite having accepted the affidavit of indigency Hillman filed with his complaint, sent Hillman a bill on December 2, 2019 for clerk fees in the amount of $109 and other fees in the amount of $54, for a total of $163.  The clerk of courts, however, is not a party to this action. Consequently, Hillman's allegations concerning fees are not properly before this Court.

{¶ 13}  For the foregoing reasons, Hillman's sole assignment of error is overruled.

{¶ 14}  The appropriate action seeking to compel a public official such as the clerk of courts to perform a mandatory act is to commence an action for a writ of mandamus.  *See* R.C. Chapter 2731.  The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law.  *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).  A mandamus action relating to the underlying matter may be filed with the Franklin County Court of Common Pleas, this Court, or the Supreme Court. R.C. 2731.02.

## IV.  CONCLUSION

{¶ 15}  Having overruled Hillman's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT, J., concurs.
LUPER SCHUSTER, J., concurs in judgment only.

———————————