[Cite as *State v. Hillman*, 2020-Ohio-5597.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 20AP-244 (C.P.C. No. 13CR-6648) |
| v. | : | & No. 20AP-245 (C.P.C. No. 13CR-6206) |
| Robert L. Hillman, | : | |
| Defendant-Appellant. | : | (ACCELERATED CALENDAR) |

D E C I S I O N

Rendered on December 8, 2020

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** *Robert Hillman*, pro se.

APPEAL from the Franklin County Court of Common Pleas

NELSON, J.

{¶ 1} Defendant-appellant Robert L. Hillman urges that the Franklin County Court of Common Pleas erred in denying his request for leave to file a delayed motion for new trial without holding a hearing and without stating findings of fact and conclusions of law. But the affidavits put forth by Mr. Hillman did not support his claim that he was unavoidably prevented from timely discovering "new" evidence, nor did they even begin to explain why he waited years to pursue a new trial on the basis he now claims. The trial court was not obligated to issue findings of fact and conclusions of law under Crim.R. 33, and in the context of this record was not required to hold a hearing on the matter. We see no demonstrated abuse of discretion, and we will affirm the trial court's judgment.

{¶ 2} Some of the history of this case provides perspective. On February 18, 2014, after a trial in which Mr. Hillman represented himself, a jury found Mr. Hillman guilty of two counts of burglary and one count of attempted burglary in Franklin C.P. No. 13CR-6206 (involving incidents around The Ohio State University) and guilty of burglary, theft,

and receiving property in Franklin C.P. No. 13CR-6648 (involving an incident on East Town Street). The trial court sentenced him to 18 years in prison. *See* February 25, 2014 judgment entries. Mr. Hillman filed a timely Crim.R. 33 motion for new trial on March 4, 2014 that claimed, in part, witness and prosecutorial misconduct based on allegedly false testimony provided by the state's witness in the East Town Street case (an Officer Larrison). The trial court denied Mr. Hillman's motion.

{¶ 3} Mr. Hillman appealed his convictions and sentence and assigned 11 errors, challenging among other matters Officer Larrison's testimony and proof of the perpetrator's identity. In *State v. Hillman*, 10th Dist. No. 14AP-252, 2014-Ohio-5760, we affirmed his convictions and sentence, and the Supreme Court of Ohio declined review in *State v. Hillman*, 141 Ohio St.3d 1475, 2015-Ohio-554, and *State v. Hillman*, 142 Ohio St.3d 1477, 2015-Ohio-2104.

{¶ 4} Both while his direct appeal was pending and after the appellate decision was issued, Mr. Hillman further asserted his cause in postconviction motions, original actions, and an accusation by affidavit against Officer Larrison under R.C. 2935.09. Those various efforts were ultimately unsuccessful. *See State v. Hillman*, 10th Dist. No. 17AP-256, 2017-Ohio-8217, *discretionary appeal denied*, 152 Ohio St.3d 1467, 2018-Ohio-1795, and 157 Ohio St.3d 1408, 2019-Ohio-3731 (finding Mr. Hillman's motion to vacate sentence to be an untimely postconviction petition and affirming the trial court's denial of the petition); *State v. Hillman*, 10th Dist. No. 18AP-696 (May 3, 2019) (memorandum decision), *discretionary appeal denied*, 158 Ohio St.3d 1422, 2020-Ohio-647 (affirming trial court judgment denying Mr. Hillman's petition for postconviction relief); *Hillman v. Larrison*, 10th Dist. No. 18AP-896, 2019-Ohio-2537, *discretionary appeal denied*, 157 Ohio St.3d 1497, 2019-Ohio-4840 (affirming trial court judgment finding Mr. Hillman's accusation by affidavit filed pursuant to R.C. 2935.09 not meritorious, referring the matter to the prosecuting attorney, and closing the case); and *Hillman v. Larrison*, 10th Dist. No. 20AP-7, 2020-Ohio-4896 (affirming the trial court's denial of Mr. Hillman's motion to vacate fines and costs).

{¶ 5} On February 20, 2020, six years after the jury returned its guilty verdicts, Mr. Hillman filed a request for leave to file a delayed Crim.R. 33 motion for a new trial in Franklin C.P. No. 13CR-6206. He filed the same motion eight days later in Franklin C.P.

No. 13CR-6648. He characterized the motions for leave as "based upon newly discovered evidence pursuant to Crim.R. 33(A)(2) and Crim.R. 33(B)," describing that evidence as a "911 or event information sheet the police claimed to testify from" at trial. Motion for Leave at 1; Hillman Affidavit within Motion for Leave at 4. The trial court denied Mr. Hillman's motion in both cases, finding Mr. Hillman's request for leave "not well taken" in the East Town Street case and that it did "not pertain to" the OSU case. March 19, 2020 Decision and Entry in Franklin C.P. No. 13CR-6648 at 1; March 18, 2020 Decision and Entry in Franklin C.P. No. 13CR-6206 at 1.

{¶ 6} Mr. Hillman appealed both judgments. We consolidated his appeals and now review Mr. Hillman's one assigned error:

> * * * The trial court abused its discretion, and committed plain and prejudicial error when it refused to comply with statutory law and provide appellant with findings of fact and conclusion[s] of law when denying appellant's motion for leave to file a delayed motion for a new trial in violation of appellant's 1st, 5th, and 14th amendment rights given by the United States Constitution[].

Appellant's Brief at 1 (capitalizations altered).

{¶ 7} Mr. Hillman argues that findings of fact and conclusions of law were needed to explain the trial court's basis for discounting the credibility of the affidavits he provided, and that the failure to provide such findings of fact and conclusions of law resulted in the trial court judgments not constituting final appealable orders (although he nonetheless appeals). Further suggesting that an appeal does not lie, he requests that this court "order the trial court to provide appellant [with] findings of fact and conclusions of law in order to create a final appealable order." Appellant's Brief at 4. Contrary to Mr. Hillman's position, however, a trial court is not required to issue findings of fact and conclusions of law under Crim.R. 33. *See* Crim.R. 33; *State ex rel. Collins v. Pokorny*, 86 Ohio St.3d 70 (1999) (holding that a trial court has no duty to issue findings of fact or conclusions of law when it denies a Crim.R. 33 motion for a new trial). Construing Mr. Hillman to argue that the lack of findings and conclusions constituted error requiring reversal, we would not sustain the assignment on that basis. The cases he cites do not involve trial court decisions on Crim.R. 33 motions for leave to file new trial motions; they are not applicable to this circumstance.

{¶ 8}   Mr. Hillman also argues that the trial court should have held a hearing on his request for leave to file a motion for a new trial.  His assignment does not expressly address that issue and appears focused only on a lack of findings of fact and conclusions of law. But even if his assignment could be read more broadly, Mr. Hillman has not demonstrated that the trial court abused its discretion by not holding a hearing in this case.

{¶ 9}   Crim.R. 33 permits a convicted defendant to file a motion for a new trial within 120 days after the day of the verdict on grounds of "newly discovered evidence" that the defendant could not, with reasonable diligence, have discovered and produced at trial. Crim.R. 33(A)(6) and (B); *State v. Armengau*, 10th Dist. No. 16AP-355, 2017-Ohio-197, ¶ 8, *discretionary appeal denied*, 149 Ohio St.3d 1434, 2017-Ohio-4396. A trial court may grant leave to file a motion for new trial based on newly discovered evidence beyond the 120-day deadline where the defendant can show, by clear and convincing evidence, that he was unavoidably prevented from discovering the evidence within the time limit. *Armengau* at ¶ 8. "A party is 'unavoidably prevented' from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion and could not have learned of that existence within the time prescribed for filing the motion in the exercise of reasonable diligence." *State v. Berry*, 10th Dist. No. 06AP-803, 2007-Ohio-2244, ¶ 19.

{¶ 10}   A trial court may hold an evidentiary hearing on a request for leave to file a delayed motion for new trial, but it is not always required to do so. *Armengau* at ¶ 33. The defendant "is only entitled to a hearing on a motion for leave to file a motion for a new trial if he submits documents which, on their face, support his claim that he was unavoidably prevented from timely discovering the evidence at issue." *Armengau* at ¶ 33 (internal quotations omitted). *See, e.g., State v. Alexander*, 11th Dist. No. 2011-T-0120, 2012-Ohio-4468, ¶ 26 (holding that the trial court should have held a hearing on the issue of unavoidable delay to support leave to file a motion for new trial based on newly discovered evidence where the defendant presented an affidavit of a witness who recanted his trial testimony).  " '[N]o such hearing is required, and leave may be summarily denied, where neither the motion nor its supporting affidavits embody prima facie evidence of unavoidable delay.' " *State v. Ambartsoumov*, 10th Dist. No. 12AP-878, 2013-Ohio-3011, ¶ 13, quoting *State v. Peals*, 6th Dist. No. L-10-1035, 2010-Ohio-5893, ¶ 23. Both a decision on the request for leave to file a motion for a new trial and a decision as to whether to hold

an evidentiary hearing on such a request will not be disturbed on appeal absent an abuse of discretion. *Armengau* at ¶ 6, 32-33.

{¶ 11} Mr. Hillman asserts that the two affidavits he submitted in support of his request for leave entitled him to a hearing on the issue of whether he was unavoidably prevented from or delayed in discovering evidence pertaining to whether Officer Larrison falsely testified about the 911 call associated with the East Town Street incident. Initially, we note, as found by the trial court, that the evidence invoked by Mr. Hillman appears to concern only the East Town Street incident at issue in Franklin C.P. No. 13CR-6648. The asserted newly discovered evidence did not relate to the OSU incidents in Franklin C.P. No. 13CR-6206, and that itself is reason to uphold the trial court in summarily denying Mr. Hillman's request for leave in that case.

{¶ 12} Moreover, and as to both cases, the affidavits supplied by Mr. Hillman do not, on their face, support his claim that he was unavoidably prevented from timely discovering what he says is new evidence. The first affidavit, his own, acknowledges that the evidence at issue—"the 911 or event information sheet *the police claimed to testify from*"—was available and presumably his for the asking at the time of trial. Hillman Affidavit within Motion for Leave at 4 (emphasis added). His affidavit does not show he "had no knowledge of the existence of the ground supporting the motion and could not have learned of that existence within the time prescribed for filing the motion in the exercise of reasonable diligence[.]" *Berry* at ¶ 19.

{¶ 13} And the affidavit provided by Mr. Hillman's sister, Cheryl Ayler, shows that after he acquired the evidence, he waited years to file this request for leave to file a motion for new trial. Hillman Affidavit within Motion for Leave at 4. Ms. Ayler avers that, "sometime in the year of 2017 [she] personally submitted an affidavit to the Franklin County Court of Common Pleas court on behalf of * * * [Mr.] Hillman stating that [she] had received a legal document from the Columbus Police Dept. in which they claimed was a 911 transcript of a call which occurred in 2013 in [the East Town Street case]." Ayler Affidavit at 1. "[A]fter receiving this information directly from the Columbus Police Dept. [she] sent this information to [Mr.] Hillman to use in his post conviction proceedings, and other proceedings against the officer." Ayler Affidavit at 1.

{¶ 14} "Most courts, including this court, require the party seeking leave under Crim.R. 33(B) to file a motion for leave within a reasonable time after discovering the evidence supporting the motion for new trial." *Armengau* at ¶ 16. Comparing Ms. Ayler's loose reference to 2017 with the request for leave filed in February of 2020 shows that Mr. Hillman waited some two to three years from that point to file the request for leave in this case. We note that the actual delay between acquisition and filing was even longer: the record of this appeal shows that Mr. Hillman obtained the 911 event information sheet sometime in 2016 and references it both in an April 20, 2016 filing associated with his accusation by affidavit case against Officer Larrison under R.C. 2935.09 and in a December 2016 postconviction relief motion. *See* December 19, 2016 Post Conviction Motion at 1-2; January 4, 2017 Ayler Affidavit at 1; *Hillman v. Larrison*, 2019-Ohio-3537, at ¶ 2, 18-20, and *Hillman v. Larrison*, 10th Dist. No. 17AP-160, 2018-Ohio-184, ¶ 12, 16; Motion for Leave at 3. While Mr. Hillman appears to refer to the R.C. 2935.09 proceedings as a reason to excuse his delay, Motion for Leave at 3, he provides, and we find, no reason the trial court would "lack jurisdiction" to consider a request for leave to file a motion for a new trial while his R.C. 2935.09 case was pending.

{¶ 15} Because Mr. Hillman's affidavits fail to allege facts that would excuse his failure timely to file a motion for new trial, and also because he did not file his request for leave within a reasonable time after obtaining the evidence supporting his motion, the trial court did not abuse its discretion by declining to hold an evidentiary hearing on his request. *Armengau* at ¶ 33.

{¶ 16} Finding no abuse of discretion under the circumstances demonstrated here, we overrule Mr. Hillman's assignment of error. We affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, P.J., and DORRIAN, J., concur.

_____